*In re* MARRIAGE OF LEONARD R. WASS, Petitioner-Appellee, and AUDREY A. WASS, Respondent-Appellant.

First District (2nd Division)    Nos. 79-2373, 80-161 cons.

Opinion filed March 24, 1981.

Richard C. Jasinski, of Chicago, for appellant.

Leonard R. Wass, of Donna, Gilman, Schuller, & Gershon, of Chicago, for appellee, *pro se.*

Mr. JUSTICE DOWNING delivered the opinion of the court:

Petitioner, Leonard R. Wass (father), filed a motion in the circuit court of Cook County for a rule upon respondent, Audrey A. Wass (mother), to show cause why she should not be held in contempt for her alleged failure to comply with child visitation provisions contained in an agreed modification of a 1977 circuit court decree dissolving the parties' marriage. Mother opposed the motion and subsequently filed a petition in the superior court of California, County of Los Angeles, seeking modification of their child custody agreement. The circuit court granted father's petition for a preliminary injunction enjoining mother from further prosecution of her California action until disposition of the instant cause. Mother thereafter filed two appeals, No. 79-2373 and No. 80-161, consolidated, which raise the following issues: (1) whether under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) (the Act) the court retains subject matter jurisdiction to consider father's request for an injunction; (2) whether the circuit court erred when it found Illinois was not an inconvenient forum; (3) whether the circuit court erred when it exercised jurisdiction in the absence of specific findings on the record; and (4) whether the circuit court erred when it failed to dismiss the supplemental petition for child custody modification.

Three children were born during the Wass marriage: Leonard, Jr., was born on December 21, 1966; Lawrence on June 23, 1972; and Alison on February 16, 1975. On March 29, 1977, the marriage was dissolved pursuant to a judgment of divorce which decreed that mother would have custody of the children subject to father's right of visitation. An interminable course of litigation followed. Several supplemental orders regarding child support arrearages, visitation, and the children's emotional health were entered.

Mother petitioned the circuit court for leave to remove the children to California. She and the children moved to that State in August of 1978. On January 8, 1979, the circuit court entered an agreed order of custody

modification which provided that mother and father would have joint custody, that mother would be the custodial parent, that leave was granted to remove the children to California, that father would enjoy visitation rights including a seven-week visitation during the children's school vacations, and that the children would be transported to Chicago for an *in camera* hearing to monitor their progress.

On June 14, 1979, the children were not transported to Chicago in violation of the order's visitation provision. The children also failed to appear for their scheduled June 17 *in camera* hearing. After obtaining a court order requiring mother to transport the children to Chicago, father filed a motion to impose sanctions upon mother for her failure to comply with the order. One request for relief contained in that motion was that the court permanently transfer custodial possession of the children to father. Several pleadings were thereafter filed by each party. On September 7, the circuit court conducted a hearing on father's petition to enjoin mother from prosecuting her modification of child custody action recently filed in California.

The circuit court issued a preliminary injunction that day, pending resolution of the issues before the Illinois court. On September 18, mother filed two motions: a motion to dismiss the cause and "vacate" any orders entered since the January 8 entry of the agreed modification and a "motion to dissolve" the preliminary injunction. Each motion challenged the circuit court's subject matter jurisdiction over the proceedings.

Father filed a "supplemental petition for change of custody." On December 3, mother filed a "motion to strike or dismiss" father's petition. After the circuit court conducted another hearing, it issued an order dated December 4 which, among other dispositions, denied the "motion to strike or dismiss." On December 13, mother filed her notice of appeal in appeal No. 79-2373, requesting review of the December 4 order and seeking dissolution of the preliminary injunction.

On December 17, the circuit court denied mother's "motion to vacate [the] injunction" and denied her motion challenging the court's jurisdiction. On January 11, 1980, mother filed her notice of interlocutory appeal initiating appeal No. 80-161, requesting review of the denial of her motion to "vacate or dissolve" the preliminary injunction.

Since commencement of the instant proceedings, the Wass children have remained in California except during a one-week visit to Chicago.

## I

### A

Before we consider mother's contentions we must address father's claim that this court lacks appellate jurisdiction. Father first claims appeal No. 79-2373 was insufficiently perfected by the December 13 notice of

appeal. That notice of appeal seeks review of the December 4 order denying mother's motion to strike or dismiss father's modification petition. The notice also seeks review of the court's issuance of the preliminary injunction. Father argues the notice of appeal thus seeks review of interlocutory orders which, under the circumstances here, are not appealable. We agree.

■■ An order denying a motion to strike or dismiss is not a final appealable judgment. (*Hutter v. Lake View Trust and Savings Bank* (1977), 54 Ill. App. 3d 653, 656, 370 N.E.2d 47, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.) Supreme Court Rule 308 permits appeal from this category of interlocutory order only upon a written finding by the trial court that the order involves a specific, identified question of law as to which there is substantial ground for difference of opinion, and that immediate appellate resolution of the question may materially advance termination of the litigation. (Ill. Rev. Stat. 1979, ch. 110A, par. 308(a).) The December 4 order denying mother's motion to strike or dismiss did not include such a finding. Accordingly, that portion of the December 4 order denying mother's motion to strike or dismiss father's petition for child custody modification is not appealable.

■■ Supreme Court Rule 307(a) provides that an order granting an injunction is an interlocutory order appealable as of right. (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a).) Appeal from such an order, however, must be perfected by filing an appropriate notice of appeal within 30 days of the order's entry. Failure to timely file a notice of appeal "deprives the appellate court of jurisdiction to consider the merits of the appeal." (*Kwak v. St. Anthony DePadua Hospital* (1977), 54 Ill. App. 3d 719, 724, 369 N.E.2d 1346.) The December 4 order did not address the issuance of the preliminary injunction. The preliminary injunction was entered on September 7, 1979. The instant notice of appeal challenging that injunction was filed on December 13 and, accordingly, was untimely. We, therefore, are without appellate jurisdiction to consider the merits of appeal No. 79-2373.

### B

Father also claims appeal No. 80-161 was insufficiently perfected. We disagree.

■■ Mother filed her notice of interlocutory appeal within 30 days of the circuit court's December 17 order refusing to dissolve[1] the September 7

---

[1] The December 17 order denied mother's motion challenging the court's jurisdiction, her motion alleging *forum non conveniens*, and her "motion to vacate" the preliminary injunction. Review of the record discloses an ambiguity regarding the circuit court's order. Mother filed a motion to "dismiss and vacate" any orders entered after the January 8 agreed modification and a motion to "dissolve the preliminary injunction". Both motions alleged

preliminary injunction. Rule 307 provides appeal as of right from court orders refusing to dissolve an injunction if perfected within 30 days from the entry of such an order. (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a).) The filing of the instant notice of interlocutory appeal was timely. Accordingly, we have jurisdiction to consider those issues raised by mother which are applicable to appeal No. 80-161.

## II

Mother contends that under the Illinois Marriage and Dissolution of Marriage Act, jurisdiction of the circuit court over the subject matter of the custody of the children should not have been exercised.[2] Section 601 of the Act has recently been construed as limiting the exercise of jurisdiction by a court no longer having meaningful contact with the children. (*Siegel v. Siegel* (1981), 84 Ill. 2d 212, 220.) Mother argues that Illinois no longer has meaningful contact with the children. We agree.

Section 601 of the Act sets forth four possible grounds upon which jurisdiction may be based in modification proceedings. The only grounds applicable to the instant facts establish jurisdiction if:

"(1) [T]his State is the home state of the child at the time of commencement of the proceedings, or had been the child's home state within 6 months before commencement of the proceeding * * *; or

(2) it is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 601(a)(1), (2).)

Under the facts of this case neither ground is satisfied.[3]

Upon commencement of the instant proceedings this State was neither the children's "home state" not had it been within the previous 6 months. Pursuant to agreement of the parties the circuit court granted mother permission to remove the children to California. The children

---

lack of jurisdiction and *forum non conveniens*. Because the December 17 order indicates the circuit court reviewed mother's specific challenge to the preliminary injunction, we construe the order as a denial of her motion to dissolve the injunction.

[2] Mother's brief on appeal addresses father's petitions for modification of custody as well as his petition for a preliminary injunction. We, however, read mother's arguments here only in support of her challenge to the injunction.

[3] Section 601 of the Act was amended, effective September 11, 1979, to incorporate section 4 of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1979, ch. 40, par. 2104) which is virtually identical to the pre-amendment provisions of section 601. Whether we evaluate the December 13 order refusing to dissolve the injunction under either provision, our conclusion is not affected.

have lived in California since August of 1978. Father filed his petition for a preliminary injunction more than a year later, in September of 1979. Even if we were to test the "home state" requirement as of the June 19, 1979, petition for rule to show cause, the children had then resided in California for almost a year. Illinois could not be considered their "home state" in any ordinary sense of those words. See *e.g.*, *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 226.

■■ Nor can it be said it is in the best interest of the children that an Illinois court assume jurisdiction. The facts of record indicate the children have developed a significant connection with California since August of 1978. They have enrolled in and attended local schools, established relationships with medical care professions, and adjusted to life in California. No equivalent connection with Illinois existed upon commencement of these proceedings. Furthermore, substantial evidence bearing upon the custody proceeding is available in California. Evidence concerning the children's present or future home life, health, education, and personal relationships is available there, not in Illinois. Although Illinois was at one time an appropriate venue in which to exercise subject matter jurisdiction, the Act requires "custody disputes be resolved in the forum where the facts necessary to a determination of the children's best interests are most readily accessible." (*Siegel v. Siegel* (1981), 84 Ill. 2d 212, 228.) Accordingly, the circuit court of Cook County no longer retains subject matter jurisdiction over the instant custody dispute. Under these facts the preliminary injunction should have been dissolved upon mother's motion. Our determination of this issue resolves the appeal in mother's favor and we find it unnecessary to address her remaining claims.

The order denying mother's petition to dissolve the preliminary injunction is reversed. Pursuant to our authority under Rule 366, we remand the cause to the circuit court with directions to dismiss the action for want of subject matter jurisdiction. Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(5).

Reversed and remanded.

HARTMAN, P. J., and STAMOS, J., concur.