KATHRYN A. FLESNER, a/k/a Kathryn A. Houser, Petitioner-Appellant, *v.* NEAL M. HOUSER, Respondent-Appellee.

Fourth District    No. 17466

Opinion filed March 16, 1982.

Edward C. Eberspacher, III, of Dove & Dove, of Shelbyville, for appellant.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On October 14, 1980, the district court of the South Central Judicial District of North Dakota entered an amended decree in a dissolution of marriage proceeding between petitioner, Kathryn A. Flesner (formerly Houser), and respondent, Neal M. Houser. That decree dissolved the marriage of the parties and provided for the custody and visitation rights of the parties in connection with their only child, Michael Roy Houser, born November 17, 1975. On May 7, 1981, petitioner filed suit in the circuit court of Macon County against respondent under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) (Ill. Rev. Stat. 1979, ch. 40, par. 2101 *et seq.*) seeking modification of the custody and visitation provisions of the amended North Dakota decree. On August 25, 1981, after a hearing on respondent's motion to dismiss, the circuit court dismissed the case. Petitioner has appealed. We affirm.

The basic custody provision of the North Dakota decree, as amended, stated petitioner was to have "custody" of the child during the school months and respondent was to have "custody" during the three summer months. Petitioner's proposed modification was to permit respondent to have the child for only two weeks in the summer, and that he be required

to keep the child in Illinois during that time. She also proposed that respondent have rights of visitation every other weekend. The record indicated that the petitioner resided in Illinois, and the respondent continued to reside in North Dakota. The respondent's petition argued that the North Dakota court had exclusive jurisdiction. The circuit court order of dismissal states that it, the circuit court, did have jurisdiction but would decline to exercise it because the North Dakota court was "in a better position to determine the issues herein."

As we deem the court's determination not to exercise jurisdiction to have been within its discretion, we need not decide whether the court had jurisdiction to entertain the case had it chosen to do so.

The Uniform Child Custody Jurisdiction Act, as its name would imply, was adopted (1) to clarify the law with reference to determining the proper court to hear custody disputes which have incidence to more than one State, and (2) to require the proceeding to be brought in the court which would be the best place to make a proper decision. Section 8 of the UCCJA states that a court having jurisdiction of such a proceeding may, nevertheless, decline to hear the case if it is an "inconvenient forum," and the court of another State is a more convenient one. The section then states:

> "(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it make take into account the following factors, among others:
>
> 1. if another state is or recently was the child's home state;
>
> 2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;
>
> 3. if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
>
> 4. if the parties have agreed on another forum which is no less appropriate; and
>
> 5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act." Ill. Rev. Stat. 1979, ch. 40, par. 2108(c).

We conclude that the allegations of petitioner in seeking the modification and her statements in the affidavit later filed in support thereof, justified the trial court's conclusion that the North Dakota court would be a more convenient forum. In her petition, she stated that for the child to be with the father for the entire summer would "endanger seriously [the child's] physical, mental and emotional health." In support of this her affidavit stated: (a) the minor was enrolled in a summer academic program unavailable in North Dakota; (b) the minor suffered from

respiratory illness which would be aggravated by the altitude and air in North Dakota; (c) the respondent's residence was inadequate; (d) respondent was ill equipped to provide for the child's emotional needs because he had not corresponded with the child; (e) the father's refusal to consult physicians would endanger the child; and (f) the lack of a peer group for the child and "the supervision of the child in a bar or saloon" would damage the child.

Although the respondent's right to have the child with him was termed "custody" by the amended decree, in view of the dominant position of the petitioner, the right was more nearly that of visitation. Petitioner's affidavit mentioned first the unavailability of a summer scholastic program for the child in North Dakota. However, the main thrust of the affidavit was directed to the situation in North Dakota and as to how respondent would provide for the child there. The trial court could have properly decided that "substantial evidence" on the matter was "more readily available" in North Dakota. It is important to realize that no issue existed as to the propriety of the mother's custody throughout most of the year or the manner in which she was discharging her responsibilities in Illinois. This case differs from *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 417 N.E.2d 1312, and *In re Marriage of Wass* (1981), 94 Ill. App. 3d 436, 419 N.E.2d 32, cited by petitioner, where section 8 of the UCCJA was not in issue, and no showings were made that the evidence on the points in question would be "most readily available" in the State of the original custody order.

Matters of record before the court also related to other criteria of section 8(c) of the UCCJA. By the terms of section 3.04 of the UCCJA (Ill. Rev. Stat. 1979, ch. 40, par. 2103.04) Illinois may have been the "home state" of the child because the petitioner stated the child had lived in Illinois with petitioner for more than six consecutive months immediately preceding the filing of the petition. However, petitioner could not deny that North Dakota "recently was the child's home state." The petition indicated that for more than six consecutive months preceding February 15, 1980, and for most of the child's life, he had lived in North Dakota. Based on the length of time the child was stated to have spent in North Dakota, living in part with his father, the trial court could also have found that North Dakota had a closer connection with the child and one of the contestants, respondent, than did Illinois.

It is for the above reasons that we determined the trial court did not abuse its discretion in dismissing the case because of a "more convenient forum" and affirmed.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.