BETTYE NOGA, Petitioner-Appellant, *v.* JOANNE NOGA, a/k/a Joanne Schopp, Respondent-Appellee.

Second District No. 82—74

Opinion filed December 28, 1982.

Denis J. McKeown, of Rawles, McKeown & LoMonaco, Ltd., of Waukegan, for appellant.

No appearance for appellee.

JUSTICE NASH delivered the opinion of the court:

Petitioner, Bettye Noga, appeals from an order of the trial court which dismissed her petition for visitation rights with her grandchildren on the grounds the court lacked jurisdiction.

From the record it appears that petitioner's son, Joseph Noga, and Joanne Noga, now Joanne Schopp, were married in 1970 in Lake County, Illinois, and had two children. They were thereafter divorced in Lake County in 1976; the decree provided that Joanne have custody of the children and Joseph the right of reasonable visitation with them and to pay $50 each week as child support. In 1978, Joanne married her present husband, Patrick Schopp, and in January 1979, they and the two children moved from Illinois to the State of Arkansas; Joanne did not request leave to remove the children from this State as is required by section 609 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 609).

In February 1980, Joanne and Patrick Schopp initiated proceedings in Arkansas in which he sought to adopt the two minor children. The children's natural father, Joseph Noga, appeared in the Arkansas court and contested the adoptions. On May 8, 1980, however, the

Chancery Court in Arkansas terminated Joseph's parental rights and entered a judgment of adoption. Joseph Noga was in the process of appealing the adoption judgment to a higher Arkansas court at the time of the proceedings below.

In September 1981, Joseph's mother, Bettye Noga, filed a petition for visitation with her grandchildren in the circuit court of Lake County. The children's mother, Joanne Schopp, specially appeared and moved to dismiss the petition on the jurisdictional grounds the children were not Illinois residents and that the trial court must give full faith and credit to the Arkansas judgment terminating Joseph Noga's parental rights. After a hearing the trial court dismissed the petition for visitation for lack of jurisdiction.

In her appeal the children's grandmother, Bettye Noga, contends the Illinois court has jurisdiction to grant visitation with her grandchildren pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 607(b)). She also asserts that the judgment of adoption of the children, which terminated Joseph Noga's parental rights, does not affect her visitation rights as a grandparent.

Joanne Schopp has not responded with a brief in this court; however, we will consider the appeal under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

We note initially that as Bettye Noga's petition for visitation rights was filed after October 1, 1977, the provisions of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) are applicable. (See Ill. Rev. Stat. 1979, ch. 40, par. 801(a), (c); *In re Custody of Ehr* (1979), 77 Ill. App. 3d 540, 542, 396 N.E.2d 87, 89.) Under section 601(a) of the IMDMA, an Illinois court has jurisdiction to make child custody determinations as is provided in section 4 of the Uniform Child Custody Jurisdiction Act (UCCJA) (Ill. Rev. Stat. 1979, ch. 40, par. 2101 *et seq.*). (Ill. Rev. Stat. 1979, ch. 40, par. 601(a).) We consider that a petition for visitation rights is a child custody determination for the purposes of the UCCJA (see Ill. Rev. Stat. 1979, ch. 40, par. 2103.02) and, since the present visitation proceeding was filed after September 11, 1979, the provisions of the UCCJA are applicable. See Ill. Ann. Stat., ch. 40, par. 2101, Historical Note, at 517 (Smith-Hurd 1980).

Under prior law, a court which had entered a decree for divorce retained continuing jurisdiction over the parties with respect to child custody and visitation even though one of the parties may have moved out of the court's geographical jurisdiction. (*Crawley v. Bauchens*

(1973), 13 Ill. App. 3d 791, 794-95, 300 N.E.2d 603, 606, *aff'd* (1974), 57 Ill. 2d 360, 312 N.E.2d 236; *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 481-82, 261 N.E.2d 216, 218.) However, under the UCCJA, the trial court may lose such jurisdiction unless it continues to meet certain jurisdictional criteria, regardless of whether it entered the original decree or specifically retained jurisdiction for enforcement of the decree. (*Siegel v. Siegel* (1981), 84 Ill. 2d 212, 218, 417 N.E.2d 1312, 1318-19; *In re Custody of Ehr* (1979), 77 Ill. App. 3d 540, 542-43, 396 N.E.2d 87, 89-90.) In the context of the UCCJA, "jurisdiction" refers not to the due process limits of potential subject matter or personal jurisdiction (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S.Ct. 154), but rather to the legislature's discretionary limitation upon the exercise of existing jurisdiction. *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 221, 417 N.E.2d 1312, 1316.

The criteria to be considered in determining whether a continuing jurisdiction has been retained by the trial court are set forth in section 4 of the UCCJA, which provides:

"(a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

3. the child is physically present in this State and

(i) the child has been abandoned or

(ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

4. (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs

1., 2., or 3., or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and

(ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs 3. and 4. of subsection (a), physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." Ill. Rev. Stat. 1979, ch. 40, par. 2104.

However, even where the requirements of section 4 of the UCCJA are met and the court has jurisdiction to make a child custody determination, it may decline to exercise it if it finds that court to be an inconvenient forum for the determination, under the circumstances of the case, and that a court of another State is a more appropriate forum. (Ill. Rev. Stat. 1979, ch. 40, par. 2108; *Flesner v. Houser* (1982), 104 Ill. App. 3d 904, 905-06, 433 N.E.2d 720, 721.) Section 8 of the UCCJA provides, in pertinent part:

"(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

1. if another state is or recently was the child's home state;

2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

4. if the parties have agreed on another forum which is no less appropriate; and

5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act." Ill. Rev. Stat. 1979, ch. 40, par. 2108.

Section 7 of the UCCJA (Ill. Rev. Stat. 1979, ch. 40, par. 2107) would also necessarily be considered by the trial court in determining whether it could properly exercise jurisdiction of the question of grandparental visitation with these children. It provides that an Illinois court shall not exercise its jurisdiction if a proceeding concerning the custody of the children was pending in a court of another State.

(See *Weimer v. Weimer* (1980), 82 Ill. App. 3d 290, 291-92, 402 N.E.2d 706, 708.) We note that the State of Arkansas had also adopted the UCCJA prior to the initiation of the adoption proceedings in that State. See 9 Uniform Laws Annotated 11 (Supp. 1981); Ark. Stat. secs. 34—2701, 34—2725 (1981 Supp.).

When the undisputed facts set forth in the pleadings are considered it is apparent that the trial court correctly declined to assert jurisdiction over the visitation petition.

The children have not been residents of Illinois for over two years, and it would appear Arkansas is now their home State. The only criteria for jurisdiction under section 4 of the UCCJA which has been shown are that the children formerly resided in this State as does the petitioner, their grandmother. The record does not disclose whether the children's natural father continues to reside in Illinois and he has, in any event, submitted to the jurisdiction of the Arkansas courts in the adoption proceeding in which his parental rights are being determined.

The trial court recognized that in view of the adoption proceeding in Arkansas the Illinois courts were not the appropriate forum in which a custody determination should now be considered and that petitioner should present her visitation request to the Arkansas court.

The Arkansas courts are exercising jurisdiction over Joanne Schopp, Joseph Noga and their two children in the adoption proceeding. As the adoption appears to be a custody proceeding within the scope of the UCCJA over which the Arkansas courts have asserted jurisdiction, the Illinois courts must decline to do so. (Ill. Rev. Stat. 1979, ch. 40, par. 2107(a); *People ex rel. Bachleda v. Dean* (1971), 48 Ill. 2d 16, 18-19, 268 N.E.2d 11, 13.) *Crawley v. Bauchens* (1973), 13 Ill. App. 3d 791, 300 N.E.2d 603, *aff'd* (1974), 57 Ill. 2d 360, 312 N.E.2d 236, relied upon by petitioner, is not applicable as it was decided under Illinois law prior to the enactment of the UCCJA.

We conclude in these circumstances the trial court properly declined to assert jurisdiction and granted the motion to dismiss the petition for visitation. In view of our resolution of this issue we need not consider the other matters raised by petitioner in this appeal.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.