## 74863. OLIVO v. GAINEY et al.
(364 SE2d 279)

DEEN, Presiding Judge.

On December 22, 1985, Stephanie Flagg gave birth to a daughter in Rochester, New York, where she and the natural father, Manuel Olivo, had been college students. (Olivo and Flagg were never married.) Shortly thereafter, Flagg placed the child with a private adoption agency and moved to her home town in Massachusetts. Although Olivo had not contacted or supported Flagg after she announced her pregnancy, upon being contacted by the adoption agency he refused to surrender his parental rights. In fact, on March 26, 1986, Olivo commenced custody and paternity proceedings in New York; on March 27, 1986, however, with the authorization of the mother, the child was removed from the adoption agency by Wayne Ohl, a New York attorney who subsequently delivered the child to William and Gale Gainey, a Georgia couple who wished to adopt the child.

The Gaineys hoped that the adoption could be effectuated in New York, but on August 4, 1986, after the New York court had ordered Ohl to reveal the location of the child, they commenced this action in Georgia (in the Thomas County Superior Court) to terminate Olivo's parental rights and to adopt the child. Olivo contested the petition, asserting his claim for custody of the child and raising the issue of the pending custody action in New York.

On September 18, 1986, the New York court issued an order of filiation, declaring Olivo the father of the child, and on January 28, 1987, issued an order reserving jurisdiction over the issue of custody of the child and forbidding adoption of the child in Georgia until the New York custody proceeding was determined. Certified copies of both orders were promptly forwarded to the Georgia court. Nevertheless, following a hearing on February 5, 1987, the Georgia court terminated Olivo's parental rights and approved the adoption. Olivo appeals, primarily contending that the court erred in not staying the adoption proceeding, pending the disposition of the New York custody action. Held:

1. OCGA § 19-9-46 (a) provides that "[a] court of this state shall not exercise its jurisdiction under this article [the Uniform Child Custody Jurisdiction Act] if at the time of filing the petition a proceeding

concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." Olivo contends that under this provision of the UCCJA, the trial court erred in not staying this adoption proceeding until disposition of the preceding New York custody proceeding. Olivo's contention, of course, assumes the applicability of the UCCJA to adoption proceedings.

Under the UCCJA, custody proceedings are defined as "proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings." OCGA § 19-9-42 (3). " 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including, but not limited to, visitation rights." OCGA § 19-9-42 (2).

In construing similar provisions, other jurisdictions are divided on whether the UCCJA applies to adoption proceedings. See *E. E. B. v. D. A.*, 446 A2d 871 (89 NJ 595) (1982); *Noga v. Noga*, 443 NE2d 1142 (111 Ill. App. 3d 328) (1982); *In re Johnson*, 415 NE2d 109 (Ind. App. 1981); *Williams v. Knott*, 690 SW2d 605 (Tex. App. 1985). Previously, this court has implicitly held that custody proceedings under the UCCJA encompass adoption proceedings, but it is apparent that this court imprudently or inadequately considered the issue at that time. See *In re C. C. B.*, 164 Ga. App. 3 (296 SE2d 198) (1982). Reconsidering the language and purpose of the UCCJA, we are persuaded that the UCCJA simply does not apply to adoption proceedings, and to the extent that *In re C. C. B.* is inconsistent with this holding, that case must be overruled. "Courts, like individuals, but with more caution and deliberation, must sometimes reconsider what has been already carefully considered, and rectify their own mistakes." *City of Atlanta v. First Presbyterian Church*, 86 Ga. 730, 733 (13 SE 252) (1891).

2. Olivo also contends that under the Parental Kidnapping Prevention Act, 28 USCA § 1738A et seq., the trial court should have stayed this adoption proceeding pending disposition of the New York proceeding. However, the language and purpose of that Act are essentially the same as the UCCJA, and we are similarly persuaded that the PKPA does not apply to adoption proceedings.

3. Although the trial court properly declined to stay the adoption proceeding before it, we agree with Olivo that the court erred in finding that Olivo had abandoned the child and in granting the adoption. Reviewing the evidence in the light most favorable to the appellee, including the fact that Olivo has fought "tooth and nail" for the custody of the child since the birth of the child, we conclude that a ra-

tional trier of fact could not have found by clear and convincing evidence " 'an actual desertion, accompanied with an intention to entirely sever, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same . . . and forego all parental duties and claims.' " *Glendinning v. McComas*, 188 Ga. 345, 347 (3 SE2d 562) (1939); *In re B. D. C.*, 256 Ga. 511 (350 SE2d 444) (1986).

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Pope, Benham and Beasley, JJ., concur. Sognier, J., concurs in the judgment only.*

DECIDED NOVEMBER 3, 1987 — REHEARINGS DENIED NOVEMBER 24, 1987 AND DECEMBER 18, 1987 — 

*Phyllis J. Holmen, John L. Cromartie, Jr., Randall A. Schmidt,* for appellant.

*William C. Sanders,* for appellees.

*Henry Bauer,* amicus curiae.