744 N.E.2d 1286 (2001)
319 Ill.App.3d 489
253 Ill.Dec. 222
In re D.J.E., a Minor (David R. Rydell and Jeanne L. Rydell, Petitioners-Appellees,
v.
Robert E., Respondent-Appellant).
No. 2-00-0652.
Appellate Court of Illinois, Second District.
March 16, 2001.
H. Joseph Gitlin, Gitlin & Gitlin, Woodstock, for R.S.E.
Robert C. Pottinger, Richard K. Van Evera, Barrick, Switzer, Long, Balsley & Van Evera, Rockford, for David R. Rydell, Jeanne L. Rydell.
Francis M. Martinez, Rockford, Guardian Ad Litem for D.J.E.
Justice GEIGER delivered the opinion of the court:
The respondent, Robert E. (Robert), appeals from the March 30, 2000, order of *1287 the circuit court of Winnebago County denying his motion to dismiss the custody petition filed by petitioners, David and Jeanne Rydell. In their petition, the Rydells sought custody of their grandson, D.J.E. Robert filed a motion to dismiss the petition, arguing that the Rydells lacked standing to seek custody under section 601(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/601(b)(2) (West 1998)). The trial court denied the motion, finding that Robert had voluntarily and indefinitely relinquished custody of D.J.E. to the Rydells. On appeal, Robert argues that the trial court's ruling was against the manifest weight of the evidence. We dismiss the appeal for lack of appellate jurisdiction.
D.J.E. was born on November 20, 1995, to Jodi E. and Robert. Jodi and Robert were married on July 21, 1995. The Rydells are the maternal grandparents of D.J.E. When D.J.E. was five months old, Jodi was diagnosed with a brain tumor. In February 1997, Jodi's illness became worse and she was confined to the hospital. At that time, D.J.E. moved in with the Rydells. Jodi died on May 27, 1997.
Following Jodi's death, the Rydells continued to care for D.J.E. during the next 25 months. During this time, Robert periodically visited D.J.E. at the Rydells' home. On March 13, 1999, Robert picked up D.J.E. from the Rydells for a visit and did not return him. Robert then informed the Rydells that it was his intention to keep and raise D.J.E.
On April 14, 1999, the Rydells filed a petition for legal custody of D.J.E. pursuant to section 601(b)(2) of the Act (750 ILCS 5/601(b)(2) (West 1998)). The Rydells alleged that they had standing to seek custody of D.J.E. because he had been in their physical custody since the death of Jodi and because Robert had abandoned D.J.E. by failing to provide for his emotional and financial support.
On April 20, 1999, Robert filed a motion to dismiss the Rydells' custody petition. The motion alleged that the Rydells were without standing to seek custody under section 601(b)(2) of the Act because D.J.E. was in Robert's custody at the time the petition was filed. The motion further argued that Robert had not voluntarily and indefinitely relinquished custody of the minor.
On March 14, 2000, following an evidentiary hearing, the trial court denied the motion to dismiss. The trial court found that, between February 1997 and March 1999, complete care of D.J.E. had been assumed by the Rydells and that D.J.E. had bonded with them. The trial court further found that Robert had voluntarily and indefinitely left D.J.E. to be cared for by the Rydells. The trial court also found that Robert's act of taking D.J.E. in March 1999 did not revest him with physical custody for purposes of the Act. The trial court concluded that the Rydells had standing under section 601(b)(2) of the Act to petition for custody of D.J.E.
Prior to the entry of the written order denying the motion to dismiss, Robert requested that language be included making the ruling immediately appealable pursuant to Supreme Court Rule 304(a) (155 Ill.2d R. 304(a)). Robert argued that the order disposed of an important and separate part of the controversy, i.e., the Rydells' standing to pursue their custody petition. Robert argued that the order permitting the Rydells to seek custody of his child was a significant intrusion upon his parental rights and that fairness required that he be given the opportunity to immediately appeal the decision. The Rydells objected to the request, arguing that the order was not appealable pursuant to Rule 304(a) because it did not dismiss their claims or make a final adjudication on the merits of their claims. The trial court's written order of March 30, 2000, denying the motion to dismiss did not contain Rule 304(a) findings. Following the denial of his motion to reconsider, Robert filed the instant appeal pursuant *1288 to Supreme Court Rule 301 (155 Ill.2d R. 301).
Prior to considering the merits, we must consider the Rydells' argument that we are without jurisdiction to hear the appeal. The Rydells argue that the denial of the motion to dismiss was an interlocutory order and was not final for purposes of appeal. We agree.
An order is final and appealable if it terminates the litigation between the parties or disposes of their rights on some definite, separate part of the litigation. In re Marriage of Alush, 172 Ill.App.3d 646, 650, 122 Ill.Dec. 694, 527 N.E.2d 66 (1988). An order denying a motion to strike or dismiss generally is not a final appealable judgment, as it does not conclusively determine the parties' rights or interfere with the continuation of the proceedings. In re Estate of Stepp, 271 Ill.App.3d 817, 819, 208 Ill.Dec. 198, 648 N.E.2d 1120 (1995); In re Marriage of Wass, 94 Ill. App.3d 436, 439, 50 Ill.Dec. 165, 419 N.E.2d 32 (1981). Supreme Court Rule 308 permits appeals from such interlocutory orders only upon a written finding by the trial court that the order involves a specific, identified question of law on which there is substantial difference of opinion and that immediate appellate resolution of the question may materially advance the termination of the litigation. 155 Ill.2d R. 308; Wass, 94 Ill.App.3d at 439, 50 Ill.Dec. 165, 419 N.E.2d 32. Robert did not request the trial court to make a Rule 308 finding, and such a finding is not contained in the trial court's order.
Although Robert recognizes that rulings on motions to dismiss are not always appealable, he nonetheless argues that each case is unique and that there is no absolute rule that such rulings are not final and subject to appeal. He argues that the trial court's order in the instant case was final because it determined the status and right of the parties as to the issue of standing. He contends that the denial of his motion to dismiss "divested him of his fundamental superior right of parenthood and * * * clearly defined the rights and status of the parties."
In support of his position, Robert relies upon language contained in Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836 (1943). In that case, our supreme court held that a judgment is final for purposes of appeal if it terminates the litigation between the parties on the merits of the case, so that, if affirmed, the trial court has only to proceed with the execution of judgment. Brauer Machine, 383 Ill. at 574, 50 N.E.2d 836. However, the supreme court further noted that an order may also be considered final for purposes of appeal if it:
"refer[s] to the final determination of a collateral matter, distinct from the general subject of the litigation, but which, as between the parties to the particular issue, settles the rights of the parties. * * * A final judgment is one which finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof." Brauer Machine, 383 Ill. at 574-75, 50 N.E.2d 836.
In Brauer Machine, the court held that a plaintiff could immediately appeal a trial court's ruling quashing service made through the Illinois Secretary of State on an out-of-state defendant. The court noted that, because service could not be obtained on the defendant in any other manner, the decision on the issue effectively barred any further proceedings and was therefore as final and conclusive as any decision on the merits. Brauer Machine, 383 Ill. at 577-78, 50 N.E.2d 836. The court noted that if the order was not considered a final order, then the plaintiff would be left in the position of having its suit finally disposed of without the right to seek review of the order quashing service. Brauer Machine, 383 Ill. at 578, 50 N.E.2d 836.
We believe that Brauer Machine is readily distinguishable from the instant case. Unlike the order in Brauer Machine, the order entered by the trial court *1289 herein did not have the effect of terminating the litigation. Although the order established that the Rydells had standing to seek custody of D.J.E. under section 601(b)(2) of the Act, the order did not resolve any portion of the litigation or determine the rights of the parties as to the custody of D.J.E. The order did not alter Robert's parental rights to D.J.E. or his right to custody of his son. Rather, the order merely permitted the Rydells to proceed in their custody petition.
Support for the conclusion that the trial court's order was not final can be found in In re Marriage of Wass, 94 Ill.App.3d 436, 50 Ill.Dec. 165, 419 N.E.2d 32 (1981). In that case, the father filed a petition for change of custody. The mother thereafter filed a motion to dismiss the petition, which was denied by the trial court. The mother immediately filed a notice of appeal seeking review of the trial court's order. Wass, 94 Ill.App.3d at 438, 50 Ill.Dec. 165, 419 N.E.2d 32. The reviewing court declined to take jurisdiction over the appeal, noting that an order denying a motion to dismiss was not a final appealable judgment. The court held that the order was interlocutory in nature and could be appealed only after the trial court made a finding pursuant to Supreme Court Rule 308 (155 Ill.2d R. 308). Wass, 94 Ill. App.3d at 439, 50 Ill.Dec. 165, 419 N.E.2d 32.
The supreme court's recent decision in Lulay v. Lulay, 193 Ill.2d 455, 250 Ill.Dec. 758, 739 N.E.2d 521 (2000), is also instructive on this jurisdictional question. In that case, the maternal grandmother filed a petition seeking visitation with her three grandchildren pursuant to section 607(b)(1) of the Act (750 ILCS 5/607(b)(1) (West 1998)). Lulay, 193 Ill.2d at 457-58, 250 Ill.Dec. 758, 739 N.E.2d 521. The parents of the grandchildren filed a motion to dismiss the petition on the grounds that section 607(b)(1) unconstitutionally infringed upon their parental rights in raising their children. Although the trial court denied the parents' motion to dismiss, it certified the question for interlocutory appeal pursuant to Rule 308. The supreme court subsequently granted the parents' petitions for leave to appeal. Although no jurisdictional question was presented in Lulay, the court characterized the appeal as interlocutory. Lulay, 193 Ill.2d at 458, 250 Ill.Dec. 758, 739 N.E.2d 521.
The order entered in the instant case, similar to those entered in Wass and Lulay, did not resolve the rights of the parties or conclude any aspect of the litigation. Rather, the order merely permitted the Rydells to pursue the relief sought in their petition. As such, the order was interlocutory and was not appealable absent a specific finding pursuant to Supreme Court Rule 308.
Indeed, we are aware of no authority holding that the determination that a party has standing to petition for custody under section 601(b)(2) of the Act is a final and appealable order. All of the reported cases reviewing such findings are contained in appeals from a ruling on the merits of such petitions following an evidentiary hearing. See In re A.W.J., 316 Ill.App.3d 91, 249 Ill.Dec. 522, 736 N.E.2d 716 (2000); In re Marriage of Rudsell, 291 Ill.App.3d 626, 225 Ill.Dec. 736, 684 N.E.2d 421 (1997). Although we are aware of reported cases reviewing the trial court's dismissal of a custody petition for lack of standing under section 601(b)(2), such dismissals terminated the litigation between the parties and were therefore final orders. See In re Custody of Peterson, 112 Ill.2d 48, 96 Ill.Dec. 690, 491 N.E.2d 1150 (1986); In re Marriage of Siegel, 271 Ill. App.3d 540, 207 Ill.Dec. 907, 648 N.E.2d 607 (1995).
The other authorities relied upon by Robert also do not persuade us that the order entered in the instant case was final. See In re Marriage of Alush, 172 Ill. App.3d 646, 122 Ill.Dec. 694, 527 N.E.2d 66 (1988); In re Winks, 150 Ill.App.3d 657, 103 Ill.Dec. 888, 502 N.E.2d 35 (1986). In Alush, the reviewing court held that it had jurisdiction to review the trial court's denial *1290 of the husband's petition for a rule to show cause why the wife should not be held in contempt of court for violations of an Israeli divorce decree. Alush, 172 Ill. App.3d at 650, 122 Ill.Dec. 694, 527 N.E.2d 66. At the time the trial court entered the order, the wife's petition for modification of the parties' Israeli divorce decree was still pending. The reviewing court held that the order was nonetheless appealable because a contempt proceeding is an original special proceeding that is collateral to and independent of the case in which the contempt arises. Additionally, the trial court made a finding pursuant to Rule 304(a) that there was no just reason to delay enforcement or appeal. Alush, 172 Ill.App.3d at 649-50, 122 Ill.Dec. 694, 527 N.E.2d 66.
In Winks, two nonparents appealed from an order dismissing them as respondents in a proceeding brought to declare six minor children dependent under the provisions of the Juvenile Court Act (Ill. Rev.Stat.1985, ch. 37, par. 701-1 et seq.). The reviewing court held that it had jurisdiction to hear the appeal because the order was final as to the nonparents even though the determination as to the status of the minor children remained as an issue before the court. Additionally, the trial court made a finding pursuant to Supreme Court Rule 304(a) that there was no reason to delay enforcement or appeal of the order. Winks, 150 Ill.App.3d at 659, 103 Ill.Dec. 888, 502 N.E.2d 35.
The orders entered by the trial courts in Winks and Alush either terminated a party's participation in the proceeding or disposed of a collateral and independent proceeding, even though the entirety of the litigation had yet to be concluded. Such final judgments as to fewer than all parties or claims may be appealed if the trial court has made the requisite finding under Rule 304(a). However, unlike Winks or Alush, the order entered by the trial court in the instant case did not terminate Robert's participation in the proceeding or dispose of any collateral or independent proceeding or claim. The trial court's order merely provided that the Rydells had standing to present their claims. The order did not dispose of or terminate any portion of the custody proceeding.
We therefore conclude that the order entered in the instant case was interlocutory in nature and not appealable absent a finding entered pursuant to Supreme Court Rule 308. Accordingly, we are without jurisdiction to hear the case and must dismiss the appeal. In so holding, we note that Robert will have the opportunity to seek appellate review of the trial court's denial of his motion to dismiss following the trial court's resolution of the merits of the Rydells' custody petition.
For the foregoing reasons, the appeal is dismissed.
Appeal dismissed.
O'MALLEY and BYRNE, JJ., concur.