2023 IL App (1st) 210277-U

THIRD DIVISION
May 24, 2023

No. 1-21-0277

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| CMG MORTGAGE, INC., | ) Appeal from the Circuit Court of ) Cook County. |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) |
| LANNY LUTZ, a.k.a. CHARLES LUTZ, MICHAEL STOLLER, and WESLEY TERRACE CONDOMINIUM ASSOCIATION, | ) ) ) ) |
| Defendants | ) ) |
| (Michael Stoller, Christopher Stoller, Leo Stoller, Defendants-Appellants;) | ) ) ) |
| | ) No. 2019 CH 3920 |
| MICHAEL STOLLER, CHRISTOPHER STOLLER, *et al.*, | ) ) ) |
| Counterplantiffs-Appellants, | ) ) |
| v. | ) ) |
| CMG MORTGAGE, INC., CMG FINANCIAL, CHRISTOPHER M. GEORGE, KIMBERLY CALLAS, PETER GILBERT, CHARLIE ROGERS, SARA REED, ATTORNEYS, AGENTS, ASSIGNEES JOHN DOES 1 THROUGH 10, | ) ) ) ) ) ) |
| Counterdefendants-Appellees. | ) Honorable Darryl B. Simko, ) Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice McBride and Justice Burke concurred in the judgment.

## ORDER

¶ 1 ***Held:*** This court lacks jurisdiction over this appeal. Dismissed.

¶ 2 Plaintiff CMG Mortgage, Inc. (CMG), filed a mortgage foreclosure complaint against defendants Lanny Lutz (a.k.a. Charles Lutz), Michael Stoller, and Wesley Terrace Condominium Association (the Association). Defendant Michael Stoller and Christopher Stoller (who asserted he was an assignee of Lutz) filed an answer and counterclaimed that CMG lacked standing. CMG filed a motion to dismiss the counterclaim, which the trial court granted. Michael and Christopher appeal that dismissal. For the following reasons, we dismiss this appeal for want of jurisdiction.

¶ 3                                      BACKGROUND

¶ 4 On March 26, 2019, CMG filed a mortgage foreclosure complaint against Lutz, Michael, and the Association. CMG alleged that Lutz was the owner of the real property subject to the mortgage and that Michael and the Association had either an interest in or a lien on the property. The complaint further alleged that the loan underlying the mortgage was in default with no payments having been made beginning in November 2018. CMG attached to its complaint a copy of the mortgage, a copy of the note, and a copy of the assignment of the mortgage from MERS (Mortgage Electronic Registration Systems) to CMG.

¶ 5 On January 15, 2020, Michael filed a purported answer and counterclaim to CMG's complaint. Michael's answer and counterclaim added numerous additional parties, apparently including various corporate officers of CMG as well as "John Does 1-10)." In addition to Michael, Christopher Stoller was listed on this document as a defendant and counterplaintiff. In a footnote,

2

Michael and Christopher asserted that Lutz gave Christopher an "assignment of claims and cause of action" that purportedly allowed Christopher to "walk in the shoes of" Lutz.[1]

¶ 6     With respect to the counterclaim, defendants asserted that CMG lacked standing to bring the lawsuit. Defendants stated that CMG was not registered with the office of the Illinois Secretary of State, nor was it the mortgage holder at the time it filed its complaint for foreclosure, so it therefore had "no authority to bring a foreclosure lawsuit in this case." Defendants further claimed that MERS made an improper assignment of the mortgage to CMG.

¶ 7     On June 1, 2020, CMG filed a motion to dismiss the counterclaim pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)).

¶ 8     On November 4, 2020, Christopher and Leo Stoller filed a motion to intervene "in this cause." Their motion stated that Michael, Christopher, and Leo were "the real part[ies] in interest" because they were the owners of the property and not Lutz. Christopher and Leo further stated that they were the "unknown occupants" referred to in CMG's foreclosure complaint. They further asked to be allowed to intervene to assert their "counter claimd [*sic*]," which they said was "incorporated herein by reference."

¶ 9     On January 13, 2021, the trial court granted Christopher and Leo's motion to intervene. The court directed them to answer or otherwise respond to the mortgage foreclosure complaint within 30 days. The record on appeal does not indicate that Christopher and Leo filed an answer or response; rather, they filed a response to CMG's motion to dismiss Michael's counterclaim on February 16, 2021. CMG filed its reply on February 23, 2021, and Christopher and Leo filed a motion to strike CMG's reply two days later.

_____

[1] The footnote cited to "Exhibit 1," but no such exhibit appears in the record on appeal. Setting aside the validity of Christopher's intervention, we refer to Michael, Christopher, and Leo Stoller (whose name later appears in a separate motion, as discussed *infra*) collectively as "defendants."

¶ 10 On March 8, 2021, following a hearing, the trial court entered a written order granting CMG's motion to dismiss Michael's counterclaim "as to all named counter-defendants." The court further denied Christopher and Leo's motion to strike CMG's reply in support of its motion to dismiss. This appeal follows.

¶ 11                                    ANALYSIS

¶ 12 On appeal, defendants contend that the trial court erroneously granted CMG's motion to dismiss the counterclaim, which alleged that CMG lacked standing. CMG initially responds that we should dismiss this appeal for lack of jurisdiction. In the alternative, CMG argues that we should affirm the trial court's dismissal because our precedent "firmly establishes" that standing is not a separate and distinct cause of action. In further alternative, CMG contends that the trial court correctly found that CMG had standing to pursue this mortgage foreclosure cause of action.

¶ 13 This court has an independent duty to consider its jurisdiction, regardless of whether the parties have raised it. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). When jurisdiction is lacking, we must dismiss the appeal. *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566, ¶ 73. We have no jurisdiction to review nonfinal judgments or orders absent a supreme court rule that gives us that authority. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). In other words, a final order terminates "the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with execution of the judgment." *Kellerman v. Crowe*, 119 Ill. 2d 111, 115 (1987) (quoting *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 48 (1958)).

4

¶ 14    In this case, the trial court's order granting CMG's motion to dismiss defendants'[2] purported counterclaim did not resolve the underlying foreclosure cause of action; instead, it merely rejected defendants' claim that CMG lacked standing to pursue foreclosure. The sole cause of action in this matter, CMG's foreclosure action, remained pending and undecided. In other words, the trial court's order was not a final order because it did not dispose of the rights of the parties, nor did it terminate the litigation between the parties on the merits, such that, if affirmed, the court would need only to proceed with the execution of its judgment. See *Dubina*, 178 Ill. 2d at 502; *Kellerman*, 119 Ill. 2d at 115; see also *In re D.J.E.*, 319 Ill. App. 3d 489 (2001) (holding that, where the father filed a motion to dismiss the grandparents' petition for legal custody of their grandson on the basis of standing, the trial court's order denying the motion was not a final appealable order). We thus lack jurisdiction.

¶ 15    Although there are certain exceptions to this rule, none of them apply here. Illinois Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) allows for appeal of a final judgment as to one or more but fewer than all the claims only if the trial court has made an express written finding that "there is no just reason to delay either enforcement or appeal" of its order. As we have already held, however, the trial court's order granting CMG's motion to dismiss defendants' counterclaim was not a final order, so even the inclusion of Rule 304(a) language, absent here, would not vest jurisdiction in this court. See *North Community Bank v. 17011 S. Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 26 (citing *Eychaner v. Gross*, 321 Ill. App. 3d 759, 783 (2001) (holding that appellate jurisdiction was lacking where the trial court order dismissing counterclaims did not include Rule 304(a) language), *rev'd on other grounds*, 202 Ill. 2d 228

_____

[2] Although it is unclear whether (1) Christopher and Leo's motion to intervene sought to adopt Michael's counterclaim and (2) the trial court's order granting their motion would have allowed it, for the sake of clarity we will nonetheless assume that Christopher and Leo adopted the counterclaim.

(2002)). Moreover, generally where, as here, the trial court's order dismissing defendants' counterclaims was without prejudice, the order was nonfinal. See *O'Hara v. State Farm Mutual Automobile Insurance Co.*, 137 Ill. App. 3d 131, 133 (1985).

¶ 16 Additionally, as the trial court found, defendants' argument that CMG lacked standing was not a counterclaim but rather, in substance, an "affirmative matter" that is properly raised in a motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) (see *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶ 30). Nonetheless, even were we to construe this appeal as an appeal from the denial of a 2-619(a)(9) motion, we would still be compelled to dismiss this appeal. "The denial of a motion to dismiss is not a final and appealable order." *Cabinet Service Tile, Inc. v. Schroeder*, 255 Ill. App. 3d 865, 868 (1993). Therefore, even on this additional basis, we lack jurisdiction and must dismiss this appeal. Because of our holding that we lack jurisdiction, we need not consider CMG's alternate grounds to affirm.

¶ 17 As a final matter, defendants contend, in a three-sentence paragraph, that the trial court also erred in denying their combined motion to strike and for sanctions. Ordinarily, this claim would be forfeited. See, *e.g.*, Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10; *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. We note, however, that the denial of either a motion to strike or a motion for sanctions is not a final order under the circumstances presented here. See *Camp v. Chicago Transit Authority*, 82 Ill. App. 3d 1107, 1110 (1980) ("The denial of a motion to strike or dismiss of itself is not a final appealable order."); *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340 (2001) (holding that "filing a Rule 137 motion is the functional equivalent of adding an additional count to a complaint, or counter-claim, depending on which party files the motion"). We therefore lack jurisdiction to consider this claim, as well.

¶ 18                                    CONCLUSION

¶ 19    The trial court's (1) granting of CMG's motion to dismiss defendant's counterclaim and (2) denial of defendants' motion to strike and for sanctions were not final orders. Accordingly, since we do not have jurisdiction to review this nonfinal order, we must dismiss this appeal.

¶ 20    Appeal dismissed.