*In re* CUSTODY OF TONY BUTLER (Joan Butler *et al.*, Plaintiffs-Appellants, v. Rodney Butler, Defendant-Appellee).
First District (5th Division)   No. 1—88—3167

Opinion filed December 8, 1989.

Steven R. Lake, Alan J. Toback, Julie Parker, and Judith Brenner, all of Steven R. Lake & Associates, Ltd., of Chicago, for appellants.

James T. Friedman and James L. Rubens, both of Davis, Friedman, Zavett, Kane & Macrae, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Joan and Bernard Butler (Joan and Bernard) appeal from an order of the trial court in a custody proceeding involving their grandson, Tony Butler (Tony). Defendant in the case is Rodney Butler (Rodney), the father of Tony and son of Joan and Bernard. The facts underlying the case are as follows.

Joan and Bernard filed a petition for custody of their grandson, Tony. Thereafter, they filed a petition for an order of protection, charging Rodney with the physical abuse of Tony. On September 7, 1988, the trial court granted a motion filed by Rodney to dismiss the cause based on an issue of standing. The trial court also rejected Joan and Bernard's claim that a guardian *ad litem* ought to be appointed for Tony because of the standing and physical abuse issues. Joan and Bernard filed a timely appeal from the order.

On appeal Joan and Bernard contend that the trial court erred and abused its discretion in: (1) its determination that Joan and Bernard did not have standing to bring a child custody action concerning their grandson; and (2) that the court erred in refusing to appoint a guardian *ad litem* to represent the grandson.

■ The provisions of our Marriage and Dissolution of Marriage Act (Illinois Marriage Act) expressly permit a person, other than a parent, to file a petition for custody if a child is "not in the physical custody of one of his parents." (Ill. Rev. Stat. 1985, ch. 40, par. 601(b)(2).) In the interpretation of this section, our supreme court has held that a nonparent must show that the child is "not in the physical custody of one of his parents." When this requirement has been met, the nonparents will be considered for legal custody of the child under "a best interest of the child" standard. *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150.

Recognizing this now settled Illinois law, the grandparents, Joan and Bernard, argue that they had physical custody of their grandson Tony, and that the trial court should have applied the best interest of the child standard to the issue of custody. We affirm the trial judge for the following reasons.

The facts disclose that Tony was born on September 1, 1976, as a result of the marriage of Rodney and Susan Butler. Rodney was awarded the sole care, custody, control and education of Tony on January 19, 1981. Tony lived with his father at the home of his father's parents, Joan and Bernard, until October 1987. On that date, Tony and Rodney moved into their own home in Palatine, Illinois. The reason Rodney moved from his parents' home, according to Rodney, was

his concern about sanitary conditions and the alleged refusal of his parents to allow Tony to attend school. The grandparents, on the other hand, base their right to bring the custody proceeding on the years Tony lived with them and a spanking of Tony by his father which allegedly caused bruises on Tony's buttocks. Rodney admits the spanking, but alleges it was due to Tony's misconduct. The spanking was apparently never reported, nor was Tony medically treated for the spanking.

Before this court can determine whether the "good of Tony" should be the determinative factor, we must first conclude that the grandparents had custody of Tony within the meaning of the cited provision of the Illinois Marriage Act.

■ The burden of establishing standing rests on the grandparents, not the parent. (*In re Marriage of Santa Cruz* (1988), 172 Ill. App. 3d 775, 527 N.E.2d 131.) The reason for this apparently harsh rule is that the interest of natural parents in the "care, custody and management" of their children is a fundamental liberty interest protected by the fourteenth amendment. Our supreme court has recently held in child abuse cases that the standard of proof required by the constitution in such cases is a "clear and convincing" standard rather than a "preponderance of the evidence" norm. (*In re Enis* (1988), 121 Ill. 2d 124, 129, 520 N.E.2d 362.) No Illinois cases have set forth the standard of proof required by the Illinois Marriage Act to establish the standing of grandparents to bring an action for custody of their grandchild against the child's natural parent. Yet, even by a mere manifest weight standard, the grandparents in this case have failed to demonstrate standing. First, the evidence discloses only that Rodney and Tony lived with Joan and Bernard before Rodney was awarded custody on January 11, 1981, until October 1987. From October 1987 until August 26, 1988, Tony lived with his natural father, Rodney. The petition for custody was filed while Tony was visiting his grandparents and they observed evidence of a severe physical spanking. Possession of the child at the time a petition is filed is not sufficient to equate the standing required under the cited section of the Illinois Marriage Act to invade a natural parent's right. *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150.

The plaintiffs do cite cases where the grandparents or others had standing to bring a custody proceeding, such as in *In re Custody of Menconi* (1983), 117 Ill. App. 3d 394, 453 N.E.2d 835. However, in that case the court affirmed a trial court's conclusion that the father relinquished custody to the grandparent and then abducted the child. In this case there is no evidence that Rodney either relinquished cus-

tody of his child to the grandparents or abducted him. At best, the evidence discloses a joint physical custody of the grandchild between the grandparents and their son for 11 years and custody of the child by the father at the time the petition was filed. We also find the case of *In re Custody of Barokas* (1982), 109 Ill. App. 3d 536, 440 N.E.2d 1036, also cited by plaintiffs, inapplicable. In *Barokas* this court reversed an order awarding the custody of a 15-year-old to nonparents because the trial court had not considered the natural parent's superior right. We also remanded the matter for a hearing on the issue of jurisdiction and standing as of the date of the filing of the petition.

Since we must affirm the trial court on a jurisdictional ground, *i.e.*, standing, we do not meet "the good of the child issue." Even if we did meet that issue, we would have to affirm since the evidence presented by the grandparents falls far short of the proof required by the "good of the child test" to take away custody of a child from his natural parent. At best, the evidence shows a single act of physical discipline administered by the father for disciplinary reasons.

■ The plaintiffs further argue that the court erred in failing to appoint a guardian *ad litem*. This charge is without merit. The request for a guardian *ad litem* was made after the court determined that the grandparents lacked the standing required by Illinois law to attack the custody of a minor child held by his father. It was also made after the trial court had heard from the minor himself, and although we note that the court had the jurisdiction and discretion to appoint a guardian, we conclude under the facts of this case now before the court that the trial judge did not abuse that discretion.

Finally, we find laudable the concerns of the grandparents over their 11-year-old grandchild. However, it is obvious that the father in this case has an equal concern. Although the plaintiffs charge that Rodney would completely terminate his son's 11-year-old relationship with them, the record does not support that charge and, in fact, refutes it. The record reflects that the plaintiffs enjoy visitation rights with their grandson.

Lastly, nothing we have said precludes young 11-year-old Tony from visiting his grandparents, raking their leaves, or even putting up their storm windows to keep the cold wind out and the warmth of their hearts in.

For the above reasons, the trial court's order is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.