*In re* CUSTODY OF JAMES J. O'ROURKE *et al.* (Dennis M. O'Rourke, Petitioner-Appellee, v. Marsha A. O'Rourke, Respondent (Rita Gutkowski *et al.*, Intervenors-Appellants)).

Third District No. 3—86—0495

Opinion filed September 22, 1987.

Thomas E. Orr, of Law Office of Thomas E. Orr, of Joliet, for appellants.

Ira B. Goldstein, of Joliet, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal is brought by Mary Beth Dickinson and William Keith Dickinson, maternal aunt and uncle of Sandra and Suzanne O'Rourke, and by Rita Gutkowski, another maternal aunt and guardian of the estate and person, from orders of the circuit court of Will County dismissing their petition to intervene in a custody modification proceeding and awarding custody to Dennis O'Rourke, the natural father.

The O'Rourke girls, both minors, and their brother James, now an adult and not involved in this appeal, were placed in the custody of their mother in 1981 when their parents were divorced. In 1985, following a lengthy illness, the mother, Marsha O'Rourke, died. During the mother's illness, she and the children had continued to live in the marital home in Lockport, Illinois. The Dickinsons, who lived in Wisconsin, came to Lockport on weekends for some 14 months to help care for Marsha and her children. After the mother's death, her relatives acceded to the father's request that the children be turned over to him.

The father filed a petition to modify custody. Subsequently, without objection from the father, a petition for leave to intervene filed by Gutkowski and the Dickinsons was allowed. In the petition, the Dickinsons sought custody of the two girls, and at their request, the court appointed the Isaac Ray Center of Chicago to evaluate all parties involved and ordered the Dickinsons to pay the cost. After the evaluation was completed, but apparently before it was filed with the court, the father filed a motion to dismiss the petition to intervene. Dismissal was allowed, and the court then awarded permanent custody to the father.

■ The petitioners' basic contention is that the trial court erred in ruling that they lack standing to intervene in opposition to the natural father, who has custody of the children. Petitioners first argue that the father waived his right to object by not objecting at the time the petition was filed and before the expense of the evaluation was incurred. This contention is based upon the premise that the motion to dismiss was filed pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Although lack of standing has been held to be an affirmative defense which may be the basis for dismissal under section 2—619(a)(9) (*Hermes v. Wm. F. Meyer Co.* (1978), 65 Ill. App. 3d 745, 382 N.E.2d 451), we do not regard the motion to dismiss of the father to be the equivalent of a section 2—619 motion by a defendant.

Here petitioners have filed a petition to intervene in the custody

proceeding commenced by the father as plaintiff. Thus, petitioners claim standing under section 601(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601(c)), while the trial court ruled that they lack standing under section 601(b)(2) as interpreted by the Illinois Supreme Court in *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150.

The statutory provisions in question are as follows:

"(b)  A child custody proceeding is commenced in the court:

(1)  by a parent, by filing a petition:

(i)  for dissolution of marriage ***; or

(ii)  for custody of the child ***; or

(2)  *by a person other than parent*, by filing a petition for custody of the child in the county in which he is permanently resident or found, *but only if he is not in the physical custody of one of his parents*.

(c)  Notice of a child custody proceeding shall be given to the child's parents, guardian and custodian, who may appear, be heard, and file a responsive pleading. *The court, upon showing of good cause, may permit intervention of other interested parties.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 40, par. 601.

Interventions are provided for in section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408). Intervention as a matter of right is permitted when a statute confers an unconditional right to intervene (Ill. Rev. Stat. 1985, ch. 110, par. 2—408(a)(1)), while intervention is a matter within the discretion of the court when a statute confers a conditional right to intervene (Ill. Rev. Stat. 1985, ch. 110, par. 2—408(b)(1)). Clearly the right to intervene in the case at bar is conditioned upon a showing of good cause and, therefore, is a matter within the discretion of the trial court. Thus, the determinative question for this appeal is whether the trial court abused its discretion in dismissing petitioners from the proceeding.

The trial court here relied primarily upon *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150, where the mother, who had custody of her minor child following a divorce, lived with her parents. Following a lengthy illness during which the grandparents provided most of the care for the child, the mother died, and both the natural father and the maternal grandparents filed petitions for modification of custody under section 601(b)(2). The child remained with the grandparents throughout the litigation. The supreme court ruled that, under this statute, nonparents must first show that the child is not in the physical custody of a natural parent before they will even be considered for legal custody of the child under the "best interest of

the child" standard. Otherwise, they must first establish the unfitness of the natural parent under either the Adoption Act (Ill. Rev. Stat. 1985, ch. 40, par. 1501 *et seq.*) or the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 701–1 *et seq.*). The court also ruled that the grandparents did not have custody of the child during the time the mother lived with them; rather, the mother had custody until · her death and then custody transferred to the father. The grandparents' refusal to allow the child to go to the father when he so requested did not confer custody on the grandparents.

▮ In the case at bar, the petition of the Dickinsons alleged only that they cared for Marsha and the children in the O'Rourke home "on a weekly and often daily basis" for 14 months. Such care certainly did not vest physical or legal custody in the Dickinsons. While the mother was alive, she was the legal custodian of the girls. At her death, physical custody transferred to the father. Like the grandparents in *Peterson*, the Dickinsons here lack standing under section 601 to seek custody because legal custody was with the mother, not the aunt and uncle, up to the time of the mother's death. Thus, the Dickinsons cannot seek custody on the ground that it would be in the "best interest of the child" under section 601 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601). They can be considered for custody only by alleging and proving the unfitness of the father in an appropriate proceeding under either the Juvenile Court Act or the Adoption Act, as indicated above.

Since the *Peterson* case plainly prevents the petitioners from seeking custody of these minor children as against their natural father, we cannot say the trial court abused its discretion in dismissing the petition to intervene. Furthermore, we see no meaningful distinction between the filing of a petition to intervene which seeks custody, as was done by petitioners in the case at bar, and the situation in *Peterson* where two separate petitions for modification were filed, one from the father and one from the grandparents, both of which sought custody.

▮ The final error asserted by the petitioners is that the trial court erred in granting a change of custody to the natural father without any findings of fact as required in contested custody cases. (See *In re Custody of Carter* (1985), 137 Ill. App. 3d 439, 484 N.E.2d 1175.) The instant case cannot be considered a "contested" custody case once the Dickinsons have been dismissed from the proceeding. The supreme court in *Peterson* stated that, when the custodial parent dies, the minor child will then be considered to be in the physical custody of the surviving natural parent even though the child is actually

staying with someone else. This is a departure from earlier cases which held that the death of a custodial parent after a divorce judgment had been entered does not automatically revert custody to the surviving parent. (*E.g., Milenkovic v. Milenkovic* (1981), 93 Ill. App. 3d 204, 416 N.E.2d 1140; *Mackie v. Mackie* (1967), 88 Ill. App. 2d 61, 232 N.E.2d 184.) In the absence of any indication that the father would not be a fit custodian for his two daughters, we must consider the final order granting custody to him as a confirmation of the change in custody which had already occurred. We hold that order to have been properly entered.

For the reasons set forth herein, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.