(No. 63986

*In re* SABRINA ENIS (The People of the State of Illinois, Appellant, v. Larry Enis *et al.*, Appellees).

*Opinion filed February 11, 1988.—Rehearing denied April 5, 1988.*

CUNNINGHAM, J., took no part.
SIMON, J., joined by MILLER, J., specially concurring.

Neil F. Hartigan, Attorney General, of Springfield, and Fred Foreman, State's Attorney, of Waukegan (Roma Jones Stewart and Shawn W. Denney, Solicitors General, Mark L. Rotert, Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, all of Chicago, and Kenneth R. Boyle, William L. Browers, and Cynthia N. Schneider, of the State's Attorney's Appellate Prosecutor, of Elgin, of counsel), for the People.

Mary Robinson, of Robinson & Skelnik, of Elgin, for appellees.

JUSTICE WARD delivered the opinion of the court:

The State's Attorney of Lake County, on May 5, 1983, filed a petition in the circuit court of Lake County under section 5—9 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705—9) to terminate the parental rights of the defendants, Larry and Cynthia Enis, in their natural child Sabrina, who is now six years old and in foster care. The petition alleged that the Enises were "unfit persons" under sections 1(D)(f) and (m) of the Illinois Adoption Act (Ill. Rev. Stat. 1983, ch. 40, pars. 1501(D)(f), (D)(m)). These sections state grounds for the termination of parental rights under the Juvenile Court Act. The Enises moved to strike the allegations that under section 1(D)(f) they were unfit persons on the ground that the section violates the due process clause of the fourteenth amendment of the Constitution of the United States. The circuit court denied the motion and, after a hearing, granted the State's petition. The appellate court reversed and remanded for further proceedings. (145 Ill. App. 3d 753.) The court held that section 1(D)(f) of the

Adoption Act violates the due process clause and that there was insufficient evidence in the record to terminate the Enises' parental rights under section 1(D)(m). We granted the State's petition for leave to appeal under Rule 317. 107 Ill. 2d R. 317.

Earlier, on May 25, 1982, the State filed a petition in the circuit court of Lake County asking that Sabrina, who was in the custody of her parents, be adjudicated a ward of the court pursuant to section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—8). The petition stated that Sabrina was an "abused minor" as defined in section 2—4 of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 702—4), and alleged that while she was in the custody of her parents, Sabrina had suffered serious burns to her thighs, buttocks, genital area and feet and that bruises found on various parts of her body had been inflicted at various times. The court granted the motion on September 2, 1982, and ordered Sabrina transferred to the custody of the Department of Children and Family Services (DCFS), which was appointed as her guardian. The court also ordered the Enises to cooperate with the DCFS and granted them rights to weekly visitations with Sabrina.

On December 2, 1982, the court returned Sabrina to the custody of the Enises but ordered that she was to remain a ward of the court. The court also directed the Enises to continue to cooperate with the DCFS and with a number of other social services.

In March of 1983 the State filed a supplemental petition for adjudication of wardship in the circuit court of Lake County, alleging that Sabrina had suffered further physical abuse, viz., on March 7, 1983, Sabrina had received a severe head injury which required emergency surgery. The State further alleged that bruises inflicted at different times were discovered on various parts of her body. The court granted the petition and ordered

that Sabrina be placed in foster care again, with visitation for the parents to be scheduled twice a month.

Two months later, on May 5, 1983, the State filed the petition, which we consider here, to terminate the Enises' parental rights. It alleged that under section 1(D) of the Adoption Act (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)) the Enises were "unfit persons" on the ground that there had been the two prior findings of their physical abuse of a child (Sabrina) (see Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(f)), and on the ground that they had failed to make reasonable efforts to correct the conditions which caused the court to enter its order of September 2, 1982, adjudicating Sabrina a ward of the court (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(m)).

The Enises moved to strike the allegations of unfitness based upon the two prior findings of abuse referred to in section 1(D)(f). The Enises contended that a termination of parental rights requires proof of unfitness by clear and convincing evidence and that an order of termination could not be based upon prior findings of child abuse supported only by a preponderance of the evidence.

The court denied the motion and after hearing granted the People's petition, stating:

"The Court has already indicated that it's taking judicial notice of the two most important parts of this case, to wit, that there have been two separate acts of physical abuse found by Judge Scott on the children.

\*\*\* [A]nd the Court finds that there has been substantial neglect of these children because they [the parents] have not cooperated with DCFS. \*\*\* The evidence by a preponderance, because it's uncontradicted, is that they have not cooperated fully \*\*\*.

And I think that within the time since the first finding of physical abuse, which was September of '82 \*\*\* that there has been a failure to correct the situation and it is

in the best interest of the minor that the parental rights be terminated."

The appellate court reversed and remanded the cause for further proceedings, holding that the Enises were denied due process. (145 Ill. App. 3d 753.) The court held that section 1(D)(f) of the Adoption Act (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(f)), which permits the termination of parental rights based on two or more findings of physical abuse to a child, violates due process. The court stated that clear and convincing evidence of unfitness is required before parental rights may be terminated, and that findings of physical abuse under the Juvenile Court Act are made on the standard of preponderance of the evidence. (Ill. Rev. Stat. 1983, ch. 37, par. 704—6(1).) The court found that because section 1(D)(f) provides for the termination of parental rights on a constitutionally insufficient ground, it violates the right to due process.

The appellate court also rejected the State's argument that there was sufficient evidence in the record to find the Enises "unfit" under section 1(D)(m) (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(m)), which permits the termination of parental rights where parents fail to make reasonable efforts to correct the conditions which were the basis for the court's taking the child from the custody of the parents. The court held that the State had failed to prove by clear and convincing evidence that the Enises were "unfit" under section 1(D)(m). The court stated that because the circuit court did not have the transcripts from the earlier juvenile court proceedings before another judge, it had no basis on which to make an accurate assessment as to whether the Enises had made reasonable efforts to correct the conditions found in the juvenile court proceedings.

In *Santosky v. Kramer* (1982), 455 U.S. 745, 71 L. Ed. 2d 599, 102 S. Ct. 1388, the Supreme Court declared that the interest of natural parents in the "care,

custody and management of their children" is a fundamental liberty interest protected under the fourteenth amendment, and that when a State seeks to terminate the rights of parents in their natural child, the State must provide the parents with procedural protections "meeting the requisites of the Due Process Clause." (455 U.S. at 753, 71 L. Ed. 2d at 606, 102 S. Ct. at 1394-95; see also *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 27, 68 L. Ed. 2d 640, 649-50, 101 S. Ct. 2153, 2159-60; *Little v. Streater* (1981), 452 U.S. 1, 13, 68 L. Ed. 2d 627, 637, 101 S. Ct. 2202, 2209; *Regenold v. Baby Fold, Inc.* (1977), 68 Ill. 2d 419, 438.) *Santosky* involved the constitutionality of a New York statute which permitted the State to terminate the rights of parents in their natural child upon a finding by a "fair preponderance of the evidence" that the child was "permanently neglected." In holding the statute unconstitutional, the Court stated that applying a fair preponderance of the evidence standard was inappropriate in the context of proceedings to terminate parental rights. The court observed that that standard of proof allocates the risk of error nearly equally between the parties, *i.e.*, between the parents and the State, "when the possible injury to the individual is significantly greater than any possible harm to the state." (*Santosky*, 455 U.S. 745 at 768, 71 L. Ed. 2d at 616, 102 S. Ct. at 1402, quoting *Addington v. Texas* (1979), 441 U.S. 418, 427, 60 L. Ed. 2d 323, 331-32, 99 S. Ct. 1804, 1810.) The Court stated that a higher evidentiary standard must be applied to reduce the risk that parents' fundamental rights to their children would improperly be terminated. (*Santosky*, 455 U.S. at 769, 71 L. Ed. 2d at 617, 102 S. Ct. at 1403.) The Court judged that "[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear

and convincing evidence." (455 U.S. at 747-48, 71 L. Ed. 2d at 603, 102 S. Ct. at 1391-92.) Because the trial court's finding of permanent neglect was made on the basis of a preponderance of the evidence standard, the Court vacated the judgment and remanded the case for a new hearing to be conducted under a constitutionally proper standard.

We must determine whether the Enises were afforded fundamentally fair procedures under *Santosky* in the proceedings terminating their parental rights.

Our parental termination procedures are governed by the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701—2 *et seq.*) and the Adoption Act (Ill. Rev. Stat. 1983, ch. 40, par. 1501 *et seq.*). Under section 5—9 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705—9), a court may terminate an individual's parental rights if the court finds, based on clear and convincing evidence, that the parent is an "unfit person" as that term is defined in section 1(D) of the Adoption Act (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)). An "unfit person" is:

> "[A]ny person whom the court shall find to be unfit to have a child, *** the grounds of such unfitness being any one or more of the following:
>
> &ast; &ast; &ast;
>
> (f) two or more findings of physical abuse to any children under section 4—8 of the Juvenile Court Act ***;
>
> &ast; &ast; &ast;
>
> (m) failure by a parent to make reasonable efforts to correct the conditions which were the basis for the removal of the child from such parent ***." Ill. Rev. Stat. 1983, ch. 40, pars. 1501(D)(f), (D)(m).

In addition to providing for a termination of parental rights, the Juvenile Court Act also authorizes a court to remove a child temporarily from his or her home if the

child appears "abused" within the meaning of section 2—4 of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 702—4). An "abused minor" is defined as any minor under 18 years of age:

"(a) whose parent or immediate family member, or any person responsible for the minor's welfare, or any person who is in the same family or household as the minor, or any individual residing in the same home as the minor, or a paramour of the minor's parent:

(i) inflicts, causes to be inflicted, or allows to be inflicted upon such minor physical injury, by other than accidental means, which causes death, disfigurement, impairment of physical or emotional health, or loss or impairment of any bodily function;

(ii) creates a substantial risk of physical injury to such minor by other than accidental means which would be likely to cause death, disfigurement, impairment of emotional health, or loss or impairment of any bodily function;

(iii) commits or allows to be committed any sex offense against such minor, as such sex offenses are defined in the Criminal Code of 1961, as amended, and extending those definitions of sex offenses to include minors under 18 years of age;

(iv) commits or allows to be committed an act or acts of torture upon such minor; or

(v) inflicts excessive corporal punishment; or

(b) whose environment is injurious to his or her welfare." Ill. Rev. Stat. 1983, ch. 37, par. 702—4.

Under the Adoption Act clear and convincing evidence of "unfitness" is required before parental rights may be terminated. (Ill. Rev. Stat. 1983, ch. 37, par. 705—9(3).) Section 4—6 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—6(1)), however, provides that "the standard of proof *** in the nature of civil proceedings" is applicable for a finding of "abuse." While the statute does not specify whether the applicable standard is preponderance of the evidence or clear and

convincing evidence, the statute has consistently been construed to require simply a preponderance of the evidence. See *In re Urbasek* (1967), 38 Ill. 2d 535, 543; *In re Simmons* (1984), 127 Ill. App. 3d 943, 948; *In re Nitz* (1979), 76 Ill. App. 3d 15, 20.

The State claims that the appellate court erred in holding that section 1(D)(f) of the Adoption Act violates due process in that it permits the termination of parental rights to be based on prior findings of abuse supported only by a preponderance of the evidence. The State says that in enacting section 1(D)(f) it was the legislature's intent to base the termination of parental rights upon a finding of a pattern of conduct which demonstrates that the parent is incapable or unwilling to properly care for the child and is thus unfit. This pattern of conduct is shown, according to the State, by a finding that the parent has physically abused his or her child on two separate occasions and from this it can be said that it was established by clear and convincing evidence that the parent is unfit.

The argument of the State that two findings of abuse under the Juvenile Court Act can be considered to constitute clear and convincing evidence of unfitness is not convincing. In determining whether a minor is "abused" under the Juvenile Court Act, the court need only be convinced by a preponderance of the evidence (Ill. Rev. Stat. 1983, ch. 37, par. 704—6(1)) of the accuracy of the allegations of abuse. Application of this standard, as the court held in *Santosky*, creates a risk of error that renders the proceeding not adequately reliable to form the basis for the termination of parental rights, and simply adding a second finding of abuse does not eliminate the risk of error inhering in either determination.

The State further argues that section 1(D)(f) can be construed to mean that the court must determine that the two or more underlying incidents of abuse referred

to have been proved by clear and convincing evidence before it may order a termination of parental rights under that subsection of the Adoption Act. The State says the court can examine the transcripts from the juvenile court proceedings as well as other evidence to determine whether a petition for a finding of parental unfitness has been proved by clear and convincing evidence.

The State's argument, however, ignores the language of section 1(D)(f) which plainly states that two prior findings of physical abuse under the Juvenile Court Act (according to a preponderance of the evidence standard (Ill. Rev. Stat. 1983, ch. 37, par. 704—6(1))) provides grounds for a finding of unfitness. There is nothing to suggest, much less require, that the court review the evidence at the prior hearings to determine if those allegations of abuse were proved by clear and convincing evidence. We conclude that section 1(D)(f) does not satisfy the requirement of due process because it authorizes the termination of parental rights upon proof of physical abuse by a preponderance of the evidence. Under *Santosky*, if the State seeks to terminate parental rights on the ground that the parent has physically abused his or her child on two separate or more occasions, or another ground, it must prove, to satisfy due process, those allegations by clear and convincing evidence. The trial court erred in failing to strike the State's allegations of "unfitness" that were predicated on section 1(D)(f) of the Adoption Act.

Another contention of the People is that, in any event, the evidence introduced at the termination hearing was sufficient for a finding under section 1(D)(m) of the Adoption Act that the parents were unfit in that they failed to correct the conditions causing the court to make Sabrina a ward of the court. Unquestionably, however, the trial court did not use the proper evidentiary standard in making that finding. In announcing its deci-

sion the court stated that "[t]he evidence by a preponderance, because it is uncontradicted, is that they [the parents] have not cooperated fully." Thus, that finding to terminate parental rights also was insufficient because it was made on a preponderance of the evidence standard and not on the required standard of clear and convincing evidence. Because the trial court judged the evidence by the improper standard of proof, we order a new hearing on the State's petition to be conducted under the constitutionally proper standard, *i.e.*, clear and convincing evidence. *Santosky v. Kramer* (1982), 455 U.S. 745, 770, 71 L. Ed. 2d 599, 617, 102 S. Ct. 1388, 1403; *In re Urbasek* (1967), 38 Ill. 2d 535, 543.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded for a new hearing consistent with what this opinion has expressed.

*Judgment affirmed.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.

JUSTICE SIMON, specially concurring:

I agree with that part of the majority opinion that states that the due process clause of the fourteenth amendment precludes us from reading section 5—9 of the Juvenile Court Act in such a way as to allow the termination of parental rights upon a showing of unfitness under a preponderance of the evidence standard. I also agree that this cause must be remanded, but the reason for this separate opinion is my disagreement with the conclusion that "section 1(D)(f) does not satisfy the requirement of due process because it authorizes the termination of parental rights upon proof of physical abuse by a preponderance of the evidence." (121 Ill. 2d at 133). In short, I believe the majority opinion is correct in holding that an unconstitutional standard of proof was applied in

this case, but the conclusion that section .1(D)(f) is facially invalid is both unnecessary and incorrect.

As I read section 5—9 of the Juvenile Court Act, it requires that the State, or other interested party, prove unfitness by clear and convincing evidence before parental rights can be terminated and consent to adoption given. (Ill. Rev. Stat. 1983, ch. 37, par. 705—9.) Specifically, section 5—9(2) provides for the termination of parental rights "after [a] finding, based upon clear and convincing evidence, that a non-consenting parent is an unfit person as defined in Section 1 of [the Illinois Adoption Act]." The majority appears to lose sight of the standard of proof explicitly stated in section 5—9 when it points out that section 1(D)(f) of the Adoption Act provides for only a preponderance of the evidence standard of proof. Section 1 of the Adoption Act is purely definitional, section 1(D)(f) defines an "unfit person" as "any person whom the court shall find to be unfit to have a child *** [because of] two or more findings of physical abuse to any children under Section 4—8 of the Juvenile Court Act." Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(f).

Properly read, section 1(D)(f) of the Adoption Act is merely definitional: it defines the term "unfitness." It provides that two or more findings of abuse constitute unfitness. Section 5—9 of the Juvenile Court Act articulates the applicable standard of proof—proof by clear and convincing evidence that a parent is unfit. Taken together these sections require that a finding of unfitness for the purposes of section 5—9 be based on two incidents of abuse proved by clear and convincing evidence. Because the findings of abuse in this case were made only under the preponderance of the evidence standard, a remand is required to determine whether the proof is sufficient to establish abuse by clear and convincing evidence.

136

I see no reason to invalidate section 5—9 of the Juvenile Court Act. In fact, I do not know how the legislature could have been more explicit than to expressly include the clear and convincing standard in section 5—9(2). The interpretation I propose flows naturally from the statute and is consistent with our previous rulings that favor statutory interpretations that assume the legislature intended to pass a constitutional statute. See, *e.g., Braun v. Retirement Board* (1985), 108 Ill. 2d 119, 127.

JUSTICE MILLER joins in this special concurrence.