*In re* MARRIAGE OF CONNIE DILE, f/k/a Connie Lundak, Petitioner, and FRANK LUNDAK, Respondent-Appellee (Daniel J. Krietemeyer *et al.*, Intervenors-Appellants).

Fifth District    No. 5—92—0331

Opinion filed August 2, 1993.

James M. Drazen, of Troy, for appellants.

Margaret J. Walsh, of Wimmer, Stiehl & Montalvo, P.C., of Belleville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

On February 27, 1992, the circuit court of Madison County dismissed a petition for custody brought by intervenors, Daniel J. Krietemeyer and Juliann R. Krietemeyer, the maternal grandparents of Andrea Lundak. The circuit court dismissed the Krietemeyer petition for custody under section 601(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 101 *et seq.*). The only question before us is whether the circuit court erred in dismissing for lack of standing the Krietemeyers' petition for custody.

In January 1982, the circuit court entered a judgment of dissolution of marriage between Connie Lundak and Frank Lundak. Subsequently, Connie was awarded custody of the only child of the parties, Andrea Lundak. Frank was ordered to pay child support and was awarded visitation, but no set schedule for visitation was provided.

Subsequent to the divorce, Connie and Andrea lived with Connie's parents, the intervenors, Daniel J. and Juliann R. Krietemeyer, until 1983. In 1987, Connie remarried, and Andrea resided with Connie and her second husband. Andrea attended Edwardsville schools.

Frank maintained contact with Andrea after the divorce even after he moved to Chicago in January 1987 and subsequently to Georgia in November 1987. Frank's moves were necessitated due to job transfers. At times Connie resisted Frank's visitation with Andrea. Frank paid child support for Andrea, although at one point he became behind in this obligation during a period when he was unemployed.

On December 3, 1991, Connie threatened Andrea with a gun, then committed suicide. The Krietemeyers took Andrea to their home in Collinsville, enrolled her in Collinsville High School, and scheduled counseling for the child. Immediately after Connie's death, Frank came to Illinois to take Andrea back to his home in Georgia. The Krietemeyers refused to relinquish Andrea. It is undisputed by the parties that Frank left Andrea with the Krietemeyers because of the trauma the child had suffered as a result of Connie's suicide.

On July 5, 1991, the Krietemeyers filed their petition for custody, alleging that subsequent to Connie's death "the minor child has resided almost exclusively with the intervenors." In their petition, they also allege that Andrea's best interests necessitate that she be placed with the Krietemeyers.

On December 10, 1991, Frank filed a motion to dismiss the Krietemeyers' petition for custody, premised upon the Krietemeyers' alleged lack of standing to seek custody of Andrea. A hearing was held on January 27, 1992, solely on the issue of standing. At said hearing, Juliann Krietemeyer testified that Frank had consistently made it known since Connie's death that he wanted custody of Andrea. Mrs. Krietemeyer further testified that she never believed that Frank would voluntarily give up his right to Andrea's legal custody. Mrs. Krietemeyer admitted that Frank left Andrea with the Krietemeyers only because of the trauma of Connie's death.

On February 27, 1992, the trial court entered an order finding that the Krietemeyers did not have standing to bring their petition, and the court granted Frank's motion to dismiss. Frank filed a petition for writ of *habeas corpus* on March 31, 1992, which was granted

to become effective when Andrea's school year ended. The instant appeal ensued.

The only issue raised by the Krietemeyers is whether the trial court erred in granting Frank's motion to dismiss their petition for custody of Andrea for lack of standing.

■ Section 601(b)(2) of the Act provides that "[a] child custody proceeding is commenced in the court *** by a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents." Ill. Rev. Stat. 1991, ch. 40, par. 601(b)(2).

The Illinois Supreme Court has held that nonparents proceeding under section 601(b)(2) must first satisfy a standing requirement before the court may consider them for the legal custody of a child. (*In re Custody of Peterson* (1986), 112 Ill. 2d 48, 52, 491 N.E.2d 1150, 1152.) As this court has previously held, the meaning of the term "standing" as used in *Peterson* is distinct and involves the threshold issue of whether a nonparent has custody of a child for purposes of satisfying the requirements of section 601(b)(2). *In re Custody of McCuan* (1988), 176 Ill. App. 3d 421, 425, 531 N.E.2d 102, 105.

To satisfy the standing requirement under section 601(b)(2), the nonparent must show that the child is " 'not in the physical custody of one of his parents.' " (*McCuan,* 176 Ill. App. 3d at 425, 531 N.E.2d at 105, quoting *Peterson,* 112 Ill. 2d at 53, 491 N.E.2d at 1152.) When the nonparent meets this requirement, the court may then consider the nonparent's claim for the legal custody of the child under the " 'best interest of the child' " standard. *McCuan,* 176 Ill. App. 3d at 425, 531 N.E.2d at 105, quoting *Peterson,* 112 Ill. 2d at 53, 491 N.E.2d at 1152.

■ Our supreme court's decision in *Peterson* clearly supports Frank's contention that the Krietemeyers did not have custody of the child on July 5, 1991, and thus did not have standing to bring an action under section 601(b)(2). In *Peterson,* the divorced mother of an infant child resided in her parents' home with the child. The mother died after a lengthy illness. During this illness, the maternal grandparents provided most of the care for the child. After the death of the mother, the maternal grandparents and the natural father both sought custody of the child. The father moved to dismiss the grandparents' petition for modification of custody on the grounds that the grandparents lacked standing to pursue the action under the statute.

The Illinois Supreme Court held that the maternal grandparents did not have standing under section 601(b)(2). The court found that

when the mother died, the father gained legal custody of the child, even though he did not have physical custody. The grandparents' refusal to give the father physical custody of the child did not confer custody on the grandparents.

Nonparents must show that the parent has relinquished "legal custody" of the child, rather than merely physical possession, before satisfying the standing requirement of section 601(b)(2). (*McCuan*, 176 Ill. App. 3d at 427, 531 N.E.2d at 105.) In the case before us, the Krietemeyers have based their allegation of standing solely on the fact that Andrea resided with the Krietemeyers after her mother's death until the filing of the Krietemeyers' petition in July 1991. There is absolutely no dispute that Frank consistently made it known that he wanted physical custody of Andrea after Connie's death. Mrs. Krietemeyer admitted that she believed that Frank would never voluntarily relinquish his right to Andrea's legal custody and that he left Andrea with the Krietemeyers only because of the trauma of Connie's death. It is apparent from the record that Frank agreed that the Krietemeyers maintain "temporary care" of Andrea, rather than that he agreed to relinquish legal custody. The Krietemeyers' refusal to allow Andrea to move to Georgia with Frank and Frank's agreement to allow the child to remain temporarily with the Krietemeyers did not confer custody with the Krietemeyers.

A court of review will not disturb an order of the trial court in a custody dispute unless the order is against the manifest weight of the evidence or unless a manifest injustice will result. (*De Franco v. De Franco* (1978), 67 Ill. App. 3d 760, 766, 384 N.E.2d 997, 1002.) Since it is manifest from the record that Frank did not relinquish custody to the Krietemeyers for purposes of satisfying section 601(b)(2), we affirm the trial court's order dismissing the custody petition.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.