In re CUSTODY OF MONIKA KULAWIAK (Janina A. Ronchetti *et al.*, Petitioners-Appellants, v. Jozef Kulawiak *et al.*, Respondents-Appellees).

First District (5th Division)    No. 1—93—1441

Opinion filed November 19, 1993.—Rehearing denied December 15, 1993.

Joseph J. Putnick, of Chicago, for appellants.

Joel Ostrow, of Chicago, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Petitioners Janina A. Ronchetti and William A. Ronchetti filed an amended petition pursuant to section 601 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/601 (West 1992)) for custody of Monika Kulawiak on February 22, 1993. Janina is the birth mother of Monika. Respondents, Jozef and Janina Kulawiak, the parents of Janina Ronchetti, filed a motion to dismiss on the ground that they adopted Monika on September 12, 1990, and were, therefore, her legal parents. They further alleged that they had physical custody of Monika and that Janina Ronchetti and her husband, therefore, had no standing to petition for custody of Monika under the Act. The trial court dismissed the petition with prejudice and this timely appeal followed. For the reasons set forth below, we reverse and remand.

The custody petition alleged the following facts. At the time of Monika's birth, Mrs. Ronchetti was residing with her parents, Jozef and Janina Kulawiak, the respondents. After the birth the natural father of Monika had threatened to cause bodily harm to Mrs. Ronchetti and to Monika. Mrs. Ronchetti, in fear of her own safety and the safety of Monika, consented to the adoption of Monika by her parents. Jozef and Janina Kulawiak agreed that Mrs. Ronchetti would be able to adopt Monika, at a later date.

On September 12, 1990, the judgment of adoption of Monika by Jozef Kulawiak and Janina Kulawiak was entered. In the judgment order for adoption the court found that the respondents herein were "reputable persons of good moral character with sufficient ability to rear, nurture and educate" the child appropriately. It further found that petitioner Mrs. Ronchetti had executed a valid written consent

to the adoption and that the adoption was in the best interests of the child.

Before and after the adoption was completed, Mrs. Ronchetti lived with Monika and her other child, Christopher, and her parents in the home of her brother Joseph Kulawiak until June of 1991.

The custody petition further alleged that from Monika's birth on July 6, 1990, until September 12, 1990, with full knowledge and consent of Jozef Kulawiak and Janina Kulawiak, Mrs. Ronchetti had the complete physical custody and motherly care of Monika. Respondents permitted the development of a mother-daughter relationship between Monika and Mrs. Ronchetti. From July 6, 1990, to approximately December 12, 1990, Mrs. Ronchetti, with full knowledge and consent of the respondents, provided daily care to Monika, by feeding Monika, changing diapers, giving nightly baths and putting Monika to bed; Mrs. Ronchetti purchased the clothes and diapers. She also took Monika to the doctor and paid for her regular medical care. From December 12, 1990, to June 1, 1991, Mrs. Ronchetti was employed at Perkins and Will. During this time, with full knowledge and consent of the respondents, Mrs. Ronchetti continued to provide motherly care to Monika as a working parent. During this period, Mrs. Ronchetti paid the respondents to baby-sit Monika while Mrs. Ronchetti was employed. She also placed Monika on her health insurance policy provided by her employer.

In June 1991, respondents purchased a home at 5343 S. Mobile Avenue in Chicago and Mrs. Ronchetti, along with Monika and her minor child, Christopher, with the consent of the respondents moved into that home. From July 1, 1991, to June 1, 1992, Mrs. Ronchetti became employed by Health-O-Meter. During this time, with full knowledge and consent of respondents, Ms. Ronchetti continued to provide motherly care to Monika as a working parent. During this period, Mrs. Ronchetti paid the respondents to baby-sit Monika while Mrs. Ronchetti was employed. Mrs. Ronchetti again placed Monika on her health insurance policy provided by her employer.

On June 1, 1992, Mrs. Ronchetti obtained employment at Waldorf Paper Company and worked from 3:30 p.m. to 12 a.m. From June 1, 1992, until August 8, 1992, with full knowledge and consent of respondents, Mrs. Ronchetti continued to provide motherly care to Monika as a working parent. Also during this period, Mrs. Ronchetti paid the respondents to baby-sit Monika while Mrs. Ronchetti was employed. Mrs. Ronchetti once again placed Monika on her health insurance policy provided by her employer.

On August 8, 1992, Mrs. Ronchetti married William Ronchetti. With full knowledge and consent of respondents, from August 8,

1992, to August 15, 1992, Mrs. Ronchetti, William Ronchetti, Monika, and Christopher, resided in the home of William's parents in Burbank, Illinois. On August 15, 1992, to January 25, 1993, Mrs. Ronchetti and William Ronchetti along with the minor children, Monika and Christopher, returned to reside in the home of respondents at respondents' request in the basement apartment that Mr. Kulawiak had refurbished to accommodate the Ronchetti family. The minor children slept on the first floor of respondents' home but spent the majority of their daily life with Janina Ronchetti and William Ronchetti in the basement apartment. Mrs. Ronchetti and William Ronchetti shared the responsibility of providing daily care for Monika.

On December 25, 1992, with the full knowledge and consent of respondents, Mrs. Ronchetti, William Ronchetti and the minor children, Christopher and Monika, celebrated Christmas with the parents and family of William Ronchetti.

Mrs. Ronchetti, with full knowledge and consent of respondents, claimed the minor child, Monika, as a dependent on her income tax returns for 1990 and 1991.

In January 1993, Mrs. Ronchetti and William Ronchetti consulted with attorney Edward Whitefield regarding the adoption of Monika. A court date of January 26, 1993, was arranged for respondents to consent to the adoption of Monika by Mrs. Ronchetti and William Ronchetti.

On January 25, 1993, respondents informed Mrs. Ronchetti and William Ronchetti that the respondents would not consent to the adoption of Monika. Respondents then locked the door leading from the basement to the first floor of respondents' home and refused to allow Mrs. Ronchetti and William Ronchetti to see or care for Monika. Subsequently, respondents evicted the Ronchettis from the basement apartment.

On January 28, 1993, petitioners, Mrs. Ronchetti and her husband, William Ronchetti, by their attorney, Edward Whitefield, filed a petition for custody of Monika Kulawiak, naming Jozef Kulawiak and Janina Kulawiak as respondents.

On February 2, 1993, the trial court, having been advised that petitioners' counsel represented respondents in the adoption of Monika Kulawiak, allowed petitioners to withdraw their petition and to obtain other counsel.

On February 17, 1993, Joseph J. Putnick filed his appearance on behalf of the petitioners and filed an emergency petition for temporary custody. Respondents by their attorney filed a motion contesting jurisdiction, a motion for change of venue and a motion to dismiss.

On February 22, 1993, petitioners filed an amended petition for custody. On February 24, 1993, petitioners filed a response to motion for change of venue, a response to motion to dismiss, and a memorandum in support of petitioners' response to motion to dismiss.

On March 4, 1993, respondents filed an amended motion to dismiss petitioners' emergency petition. On March 15, 1993, respondents filed a memorandum in support of the motion to dismiss.

In an affidavit attached to the motion to dismiss the amended petition, respondents contradicted many of the allegations made by Mr. and Mrs. Ronchetti. Principally, they stated that they had provided the funds for the support of Monika, that Mrs. Ronchetti had rarely provided care for the child, that she had removed the child from the home without their permission from time to time, and that they had never consented to relinquish their parental rights, responsibilities or interest regarding the child.

The motion to dismiss, which the affidavit supported, asserted that the Ronchettis lacked standing to bring their petition, since the child was in possession of her legal parents. The trial court, in its memorandum opinion and order, dismissed the Ronchettis' petition on the sole basis that a nonparent cannot petition for custody of a child who is in the physical possession of her parents. The opinion also noted that the adoption judgment had terminated Mrs. Ronchetti's parental rights.

On March 16, 1993, petitioners filed a petition for temporary order for visitation, which was denied.

On April 2, 1993, the trial court delivered its written opinion and order dismissing on the pleadings the amended petition for custody.

On April 22, 1993, petitioners filed a notice of appeal. Petitioners' appeal asks this court to reverse the trial court's dismissal of their amended petition for custody and to find that the petitioners have standing under section 601(b)(2) of the Act, or, in the alternative, to order the trial court to hold an evidentiary hearing on the issue of who was providing for the care, custody and welfare of Monika prior to the filing of the custody petition for purposes of standing under the Act.

■ Section 601 clarifies who may commence an action for custody under the Illinois Marriage and Dissolution of Marriage Act. It states in pertinent part:

> "Jurisdiction—Commencement of Proceeding. (a) A court of this State competent to decide child custody matters has jurisdiction to make a child custody determination in original or modification proceedings as provided in Section 4 of the Uniform Child Custody Jurisdiction Act as adopted by this State.

(b) A child custody proceeding is commenced in the court:
(1) by a parent, by filing a petition:
(i) for dissolution of marriage or legal separation or declaration of invalidity of marriage; or
(ii) for custody of the child, in the county in which he is permanently resident or found; or
(2) by a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents." 750 ILCS 5/601 (West 1992).

A motion to dismiss a pleading should be granted where the well-pleaded allegations, considered in the light most favorable to the nonmovant, indicate that no set of facts could be proven upon which the petitioner would be entitled to the relief requested. *Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 434 N.E.2d 476.

The trial court, in its order dismissing the petition for custody with prejudice, stated that "the disposition of this motion to dismiss hinges on the question of whether Mrs. Ronchetti is the legal parent of Monika." That is not the issue. Petitioners make no claim that they are the legal parents of Monika. They do not attack the validity of the adoption. Rather they claim to have standing under section 601(b)(2). Specifically, they claim to be persons other than a parent, filing a petition for custody where the child is not in the physical custody of one of her parents. The issue is whether Monika was in the physical custody of her adoptive parents for purposes of standing under section 601(b)(2). If the court found that Monika was in the physical custody of her adoptive parents at the time they unilaterally terminated Mrs. Ronchetti's access to Monika, then dismissal of petitioners' motion was proper. However, when we view the facts alleged in the custody petition in the light most favorable to petitioners, as we must on a motion to dismiss, it is not clear that Monika was in the physical custody of her adoptive parents. The fact that Monika was residing in a building owned by her adoptive parents and had daily contact with them does not automatically establish that she was in their physical custody. On the basis of the allegations contained in petitioners' petition, we cannot rule as a matter of law that Monika was in the physical custody of respondents because she was residing in a home owned by them which was also the residence of their daughter, Janina Ronchetti. *In re Custody of McCuan* (1988), 176 Ill. App. 3d 421, 531 N.E.2d 102.

No single fact or litmus test controls physical custody for purposes of standing under section 601(b)(2). Physical possession of

the child alone is insufficient. It is necessary to consider the manner in which physical possession is acquired and the nature and duration of the possession. (*In re Marriage of Santa Cruz* (1988), 172 Ill. App. 3d 775, 527 N.E.2d 131.) Physical custody requires more than overnight contact. (*In re Custody of Barokas* (1982), 109 Ill. App. 3d 536, 440 N.E.2d 1036.) It requires living with the child for an extended period of time. (See *In re Custody of Menconi* (1983), 117 Ill. App. 3d 394, 453 N.E.2d 835 (where a father placed his child with its paternal grandparents following the mother's death and allowed the grandparents to care for the child for $6^1/2$ years, the grandparents had standing to petition for custody under section 601(b)(2)).) "Physical custody" as used in the statute requires a determination of who was providing for the care, custody and welfare of the child prior to the initiation of custody proceedings. (*In re Marriage of Nicholas* (1988), 170 Ill. App. 3d 171, 524 N.E.2d 728.) Such a determination depends heavily on the particular facts of the individual case. (*Nicholas*, 170 Ill. App. 3d at 179.) A determination of standing must be applied within the statutory scheme of the Act. (*In re Marriage of Carey* (1989), 188 Ill. App. 3d 1040, 544 N.E.2d 1293.) The Act evinces the twin policies of fostering stability in the home environment and deterring abductions and other unilateral removals of children. (*Carey*, 188 Ill. App. 3d at 1051.) In some cases the courts have relied on the facts surrounding the voluntary relinquishment of the physical and/or legal custody of the child. *Carey*, 188 Ill. App. 3d at 1049.

Respondents cite *In re Custody of Atherton* (1982), 107 Ill. App. 3d 1006, 438 N.E.2d 513, to support their theory that the petitioners' petition was properly dismissed. That case upheld the dismissal of a birth mother's petition seeking custody of her child who had been adopted by her parents. However, that case is distinguishable. There the natural mother, prior to seeking custody, voluntarily relinquished custody to the adoptive parents pursuant to an agreement. Here, in contrast, the birth mother, who at all times lived with Monika and her parents, was deprived of all contact with her daughter against her will.

The applicable standard of review requires us to treat as true and take into account the following well-pled allegations. Here, Mrs. Ronchetti is the biological mother of the child. The petitioners and the respondents both lived in the physical presence of the child and provided daily care to the child in the same home from her birth until January 25, 1993. Before that date they all contributed to the child's care and welfare. All the parties mutually consented to this arrangement and it existed before, at, and after Monika's birth. On January 25, 1993, the adoptive parents refused to allow Mrs.

Ronchetti to see or care for Monika. They locked the door leading from the basement to the first floor, thereby acquiring physical possession of Monika. Until that unilateral conduct on the part of respondents, Mrs. Ronchetti and Monika enjoyed a mother-daughter relationship. Throughout a series of job changes Mrs. Ronchetti never failed to place Monika on the health insurance policy provided by her employer. She claimed Monika as a dependent on her income tax returns for 1990 and 1991.

■ We have found no case in point determining the issue of physical custody of a child where a household arrangement similar to the one between petitioners and respondents existed, until being unilaterally terminated by the respondents. Under the facts as alleged by petitioners in their petition, we believe they are entitled to an evidentiary hearing on the standing issue of whether Monika was in the physical custody of petitioners prior to January 25, 1993, when the arrangement was unilaterally terminated by respondents. Although the termination of the living arrangement by respondents deprived the petitioners of physical possession of Monika at the time they filed their petition for custody, the trial court must examine the living arrangements as they existed before respondents' unilateral act to determine if Monika was in petitioners' physical custody so as to confer standing under section 601(b)(2) of the Act.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for proceedings in accordance with the views expressed herein.

Reversed and remanded.

GORDON, P.J., and MURRAY, J., concur.